■ David Clayton et al., Respondents, v John P. Whitton, Appellant, et al., Defendants. [650 NYS2d 404] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Ferradino, J.), entered July 18, 1995 in Saratoga County, which granted plaintiffs' motion for a preliminary injunction.

Plaintiffs and defendants own properties on Ballston Lake in the Town of Ballston, Saratoga County. Since 1966, when plaintiff Bernice Clayton and her brother took title to the prop-

erty currently owned by plaintiffs, she has reached that property—which has no other means of overland access—by a roadway passing over the parcels owned by defendants. After a dispute arose between the parties, defendant John P. Whitton attempted to redirect the traffic crossing his land (other neighboring property owners besides plaintiffs were also using this roadway) by erecting a series of poles and a gate, forcing those vehicles farther to the west than they had previously traveled, onto a 12-foot-wide passageway along the edge of a swamp. Plaintiffs thereafter brought this action seeking, *inter alia,* a declaration that they had obtained an easement to use the former roadway, by grant, prescription or necessity, and an injunction barring Whitton from blocking that route.

Following a hearing at which testimony was elicited from Bernice Clayton and Whitton, Supreme Court granted plaintiffs' motion for a preliminary injunction; Whitton was ordered to remove the gate and poles, and to allow access along the old roadway during the pendency of the action. Whitton appeals.

We affirm. The record, as developed so far, supports Supreme Court's conclusion that plaintiffs have met the prerequisites for preliminary injunctive relief (*see, e.g., Grant Co. v Srogi*, 52 NY2d 496, 517). Whitton's contention that plaintiffs have not demonstrated a likelihood of success on the merits is unconvincing, for the undisputed facts show that they have used the roadway across Whitton's premises continuously, openly, and under claim of right, for well in excess of the statutory time period (*see,* RPAPL 311; *Miller v Rau*, 193 AD2d 868, 868-870; *Slater v Ward*, 92 AD2d 667, 668); this, in turn, gives rise to a presumption that such use has been hostile (*see, Miller v Rau, supra,* at 869). Although Whitton urges that the evidence supports an inference of permissive use (*see, Gordon v Thomas*, 177 AD2d 909, 909-910) sufficient to rebut the presumption, Supreme Court—having had an opportunity to evaluate, firsthand, the relevant testimony—reached a different conclusion, which we are not disposed to disturb on the basis of the present record (*see, Deuel v McGilton*, 199 AD2d 737, 738).

Whitton next suggests that even if plaintiffs have obtained an easement to cross his property, they are still not entitled to the relief sought, because he, as owner of the servient estate, is free to designate the particular path to be used for that purpose. This argument, too, is unpersuasive. Once an easement is definitively located, by grant or by use, its location cannot be changed by either party unilaterally (*see, Evangelical Lutheran St. John's Orphan Home v Buffalo Hydraulic Assn.*, 64 NY 561, 564; *Town of Ulster v Massa*, 144 AD2d 726, 728, *lv denied* 75 NY2d 707).

Nor did Supreme Court err in finding that plaintiffs would be likely to suffer irreparable harm if not granted preliminary relief. Plaintiff David Clayton avers that the area Whitton has set aside for plaintiffs' use, which borders on a swamp with standing water, is totally impassable in the spring, due to flooding; moreover, Whitton himself concedes that there are times when the passageway is covered by water. Although Whitton testified that plaintiffs could simply "do the same thing that they have done, drive through the water", he has made it more dangerous to do so by moving the road closer to the swamp. Plaintiffs' refusal to use the designated passageway, out of fear that when the entire area is submerged they might "fall into the swamp", is not unreasonable. In short, there is ample basis for the court's conclusions that this alternate route is not a "practical means of ingress and egress" to plaintiffs' property, and thus that they will be irreparably harmed if they are prevented from using the old roadway during the pendency of this action.

And, as Whitton has not made a convincing showing that he will be harmed in any material way by a directive that he temporarily reopen the former passage, or that there are other equitable concerns that militate against affording plaintiffs the interlocutory relief they seek, Supreme Court did not err in finding that the balance of the equities tips in plaintiffs' favor (*see, Poling Transp. Corp. v A & P Tanker Corp.*, 84 AD2d 796, 797).

Cardona, P. J., Mikoll, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.