■ LEONARD GREEN et al., Appellants, v SYDNEY BLUM et al., Respondents. [786 NYS2d 839]—

Lahtinen, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered May 17, 2004 in Ulster County, which, inter alia, granted defendants' cross motion for summary judgment dismissing the complaint.

Defendants have an easement to cross plaintiffs' property in order to reach their property. Plaintiffs sought permission to move the private road used by defendants and, when defendants refused, plaintiffs commenced this action seeking a declaratory judgment permitting them to change the route of the road across their property. Both sides moved for summary judgment. Supreme Court granted defendants' cross motion and dismissed the complaint. Plaintiffs appeal.

"As a rule, where the intention in granting an easement is to afford only a right of ingress and egress, it is the right of passage, and not any right in a physical passageway itself, that is granted to the easement holder" (*Lewis v Young*, 92 NY2d 443, 449 [1998]; *see Bakeman v Talbot*, 31 NY 366, 371 [1865]; *Marek v Woodcock*, 277 AD2d 864, 865 [2000], *lv denied* 96 NY2d 792 [2001]). Hence, "[i]n the absence of a demonstrated intent to

provide otherwise, a landowner, consonant with the beneficial use and development of its property, can move that right of way, so long as the landowner bears the expense of the relocation, and so long as the change does not frustrate the parties' intent or object in creating the right of way, does not increase the burden on the easement holder, and does not significantly lessen the utility of the right of way" (*Lewis v Young, supra* at 452).

Here, the easement was granted in 1993 and, with respect to the relevant portion across the property purchased by plaintiffs in 2001, it provided that the easement shall "follow the existing roadway through [plaintiffs' lot]." At the same time that the easement was recorded, a declaration of maintenance regarding the private road was recorded and, indeed, such declaration of maintenance is referenced in the easement. The declaration of maintenance reveals that the private road passed over other property before reaching plaintiffs' parcel. Significantly, the description of a section of the private road not located on plaintiffs' property was set forth in metes and bounds. However, such a specific description is not included in the easement burdening plaintiffs' property, which contains only a general reference to an existing road when crossing that property (*cf. id.* at 453 ["Notably, the parties themselves in the same deed described two additional easements by explicit reference to metes and bounds. Had they intended the right of way to be forever fixed in its location, presumably they would have delineated it in similar fashion."]).

Defendants ostensibly resisted moving the road, in part, because they believed the existing road afforded a better scenic view. Access to a view, however, was not an expressed purpose for which this easement was created (*see id.* at 449-450; *Cohan v Fleuroma, Inc.*, 42 AD2d 741, 741 [1973]; *cf. Witter v Taggart*, 78 NY2d 234, 237-238 [1991]). Moreover, the fact that the easement granted defendants a limited right for a short period of time to move a portion of the road* does not forever foreclose plaintiffs from moving the road in the absence of language evidencing an intent to limit their right in such regard. Under the particular circumstances presented, we find that the recorded documents do not reveal a demonstrated intent prohibiting plaintiffs from relocating the right of way to the area they propose. Plaintiffs should thus be permitted to move the right-of-way so long as they establish compliance with the conditions protecting the easement holder as set forth in *Lewis v Young* (*supra* at 452). Those conditions were not established as a matter of law by the proof submitted.

---

* Notably, the limited right permitted moving a section of the road to essentially the same area where plaintiffs seek to move that section of the road.

Peters, J.P., Carpinello and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' cross motion; cross motion denied; and, as so modified, affirmed.