ESTATE COURT, LLC, Appellant, v PAUL SCHNALL et al., Respondents. [856 NYS2d 251]—

Mercure, J.P.

In February 2005, plaintiff commenced this action pursuant to RPAPL article 15, seeking to relocate an appurtenant easement by prescription that crosses its property in the Town of Bethel, Sullivan County. Defendants were granted the easement in a 1999 judgment of Supreme Court (Kane, J.). Plaintiff has since obtained approval to build 19 townhouses and related facilities on the premises. It now asserts that the prescriptive easement frustrates its development of both the property and an adjacent lake for recreational purposes. In addition to relocating the easement, plaintiff seeks to install a security gate across that portion of the easement that abuts a state highway and to compel defendants to repair and maintain the natural condition of the prescriptive easement.

Defendants answered and asserted counterclaims seeking, among other things, a judgment directing plaintiff to repair damage it allegedly caused to the easement and enforcement of the injunction contained in the 1999 judgment. Plaintiff subsequently moved for partial summary judgment regarding

its right to relocate the easement and install a gate, as well as dismissal of defendants' counterclaims. Defendants cross-moved for partial summary judgment, seeking a declaration that plaintiff may not unilaterally relocate the easement or interfere with it, and dismissal of the claim to compel them to repair or maintain the easement. Supreme Court partially granted defendants' cross motion to the extent of precluding unilateral relocation of the easement and dismissing plaintiff's third cause of action to compel defendants to repair and maintain the prescriptive easement, and partially granted plaintiff's motion to the extent of permitting installation of a gate. Plaintiff appeals and we now affirm.

As plaintiff asserts, it is well settled that "express easements are defined by the intent, or object, of the parties . . . [Therefore,] where the intention in granting an easement is to afford only a right of ingress and egress, it is the right of passage, and not any right in a physical passageway itself, that is granted to the easement holder" (*Lewis v Young*, 92 NY2d 443, 449 [1998] [citations omitted]). Inasmuch as "enjoyment of an *undefined* right of ingress and egress over the land of another does not require any fixed occupancy of the landowner's premises" (*id.* at 451 [emphasis added]), a servient landowner may, under certain circumstances, unilaterally relocate an undefined right of way that has been granted to the easement holder (*see Chekijian v Mans*, 34 AD3d 1029, 1031 [2006], *lv denied* 8 NY3d 806 [2007]; *Green v Blum*, 13 AD3d 1037, 1037-1038 [2004]).

By contrast, "[o]nce an easement is definitively located, by grant or by use, its location cannot be changed by either party unilaterally" (*Clayton v Whitton*, 233 AD2d 828, 829 [1996]). To be sure, "[m]ere use of a particular path in accordance with an explicit right to do so"—i.e., use pursuant to an express easement granting an undefined right-of-way—"is neither hostile nor adverse. Thus, continued usage of that same path does not in and of itself fix an otherwise undefined location so as to enlarge the interest of the easement holder or reduce the interest of the landowner" (*Lewis v Young*, 92 NY2d at 452-453). Where, however, there is no express grant and a fixed, prescriptive easement is obtained instead by use that is "adverse, open and notorious, continuous and uninterrupted for the prescriptive period" (*Di Leo v Pecksto Holding Corp.*, 304 NY 505, 512 [1952]; *see Mihaly v Mahoney*, 126 AD2d 791, 792 [1987]), this Court has held that a servient landowner is not free to unilaterally designate the particular path that may be used for ingress and egress (*see Clayton v Whitton*, 233 AD2d at 829).

Here, it is undisputed that defendants obtained an easement of ingress and egress by prescription. Contrary to plaintiff's argument, the judgment awarding that easement expressly defined it by reference to a survey map showing the precise path of the easement in detail, including exact distances and courses and with reference to monuments, adjacent properties, highwater lines and other landmarks (*see Lewis v Young*, 92 NY2d at 446). Plaintiff's predecessor in interest was not granted any right to relocate or alter the easement in the prior action; rather, the judgment provides that plaintiff's predecessors "are hereby permanently enjoined from interfering with [defendants'] use and enjoyment of their said easement by prescription." As such, defendants' easement cannot be equated to an undefined easement created by express grant and plaintiff is not entitled to unilaterally relocate that easement (*see Clayton v Whitton*, 233 AD2d at 829; *cf. Lewis v Young*, 92 NY2d at 453-454; *Chekijian v Mans*, 34 AD3d at 1031-1032; *Green v Blum*, 13 AD3d at 1038 [2004]; *Marek v Woodcock*, 277 AD2d 864, 865-866 [2000], *lv dismissed* 96 NY2d 792 [2001]).

Finally, inasmuch as all users of an easement "must share ratably in the cost of the maintenance and repair" of the easement absent express agreement otherwise (*Allen v Greenberg*, 21 Misc 2d 763, 769 [1959]; *see Green Harbour Homeowners' Assn. v G.H. Dev. & Constr.*, 307 AD2d 465, 466-467 [2003], *lv dismissed* 100 NY2d 640 [2003]; *Cohen v Banks*, 169 Misc 2d 374, 377 [1996]), Supreme Court properly dismissed plaintiff's claim that defendants are solely responsible for maintenance and repair of the easement. We have considered plaintiff's remaining arguments and conclude that they are lacking in merit.

Peters, Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.