Kane, J.
Appeal from an order of the Supreme Court (Tait, *1091 J.), entered December 26, 2007 in Tioga County, which granted plaintiffs motion for partial summary judgment.
Plaintiff owns a landlocked parcel abutting defendants’ property. In 1985, to resolve his action to establish an easement by necessity, plaintiff entered into a settlement agreement with three of defendants’ predecessors in title, including Charles Farrell. The settlement agreement created a right-of-way in favor of plaintiff over what is now defendants’ property. Pursuant to that agreement, in 1990 Farrell obtained a survey of his property containing a proposed subdivision and filed the map in the County Clerk’s office. The survey laid out a future public road that would form part of the right-of-way discussed in the settlement agreement, as well as a 90-foot easement connecting plaintiffs property to this proposed road. Only approximately one third of that road was ever built because Farrell abandoned his subdivision plans after completing only four of 15 proposed homes.
In 2004, Farrell sold his remaining property to defendants, who had notice of plaintiffs easement rights. Defendants built a house on their property, partially within the portion of unimproved land designated on the survey map for the future public road. When defendants saw plaintiff on their property and forbade him from further access, he commenced this action seeking, among other things, to determine his easement rights and remove the house and other structures from his right-of-way. Plaintiff moved for partial summary judgment declaring the validity of his easement, setting its boundaries as depicted in the 1990 survey and enjoining defendants from interfering with his use of and access to the right-of-way. Supreme Court granted the motion, finding that the settlement agreement and survey map created an easement. The court left for later determination the equitable considerations concerning the extent to which defendants’ house encroaching on the easement may impair plaintiffs access to his property. Defendants appeal.
Supreme Court properly determined that plaintiff has an easement with boundary lines as laid out in the 1990 survey map. The settlement agreement created an easement by express grant, even though it did not state the precise location of the easement (see Wilcox v Reals, 178 AD2d 885, 886 [1991]; see also Willow Tex v Dimacopoulos, 68 NY2d 963, 965 [1986]). “The extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties” (Hopper v Friery, 260 AD2d 964, 966 [1999] [citations omitted]; see Raven Indus., Inc. v Irvine, 40 AD3d 1241, 1242 *1092 [2007]). The settlement agreement specifically referenced a survey which was yet to be performed and provided plaintiff with a right-of-way over a road to be laid out as part of that survey. This was not a general description, which could permit the servient landowner to relocate the right-of-way, but indicated a fixed location for the right-of-way, namely the roadway and 90-foot easement laid out with metes and bounds descriptions on the forthcoming survey map (see Estate Ct., LLC v Schnall, 49 AD3d 1076, 1077-1078 [2008]; Wechsler v People, 13 AD3d 941, 943 [2004]; compare Chekijian v Mans, 34 AD3d 1029, 1031 [2006], lv denied 8 NY3d 806 [2007]; Chesnol v Gallagher, 283 App Div 911, 911 [1954]). Although the agreement notes that a temporary easement will be located “along a line mutually agreed upon” by the parties, this temporary location of the easement existed only pending completion of the survey and conveyance of the property from defendants’ other predecessors in title to Farrell. Once the survey was completed, the specific description of the roadway and 90-foot easement laid out therein constituted the right-of-way expressly granted to plaintiff. Accordingly, plaintiff was entitled to partial summary judgment declaring that he possesses an easement as described in the settlement agreement and laid out in the 1990 survey map. Such a declaration delineating the easement is appropriate even though questions may remain concerning the equitable considerations related to defendants’ encroachment on that easement (cf. Lang v Carroll, 24 AD3d 1078 [2005]).
Mercure, J.E, Spain, Rose and Stein, JJ., concur. Ordered that the order is affirmed, with costs.