■ KENNETH M. SULLIVAN et al., Respondents, v JASON C. WOODS, SR., Appellant. [895 NYS2d 578]—

Lahtinen, J. Appeal from an order of the Supreme Court (Catena, J.), entered October 21, 2008 in Montgomery County, which, among other things, granted plaintiffs' cross motion for permission to move the location of an easement.

Plaintiffs and defendant own adjoining parcels of land in the Town of Root, Montgomery County. In 1964, plaintiffs' predecessor in title reserved an easement in favor of defendant's predecessor "for ingress and egress over the present roadway" to allow access from the camp on defendant's property over plaintiffs' property to a public road. After years of dispute regarding the extent and scope of the easement, plaintiffs commenced this action for, among other things, declaratory judgment pursuant to RPAPL article 15. Defendant asserted various counterclaims. Following some disclosure, defendant moved for summary judgment declaring that he has an easement over the

existing roadway. Plaintiffs cross-moved for an order allowing them to relocate part of the roadway by which defendant accessed his camp. Supreme Court, as relevant on appeal, granted defendant summary judgment on his counterclaim that he has an express easement over plaintiffs' property and also granted plaintiffs summary judgment on their request to move part of the roadway. Defendant appeals.

"[W]here the intention in granting an easement is to afford only a right of ingress and egress, it is the right of passage, and not any right in a physical passageway itself, that is granted to the easement holder" (*Lewis v Young*, 92 NY2d 443, 449 [1998]; *Marek v Woodcock*, 277 AD2d 864, 865 [2000], *lv dismissed* 96 NY2d 792 [2001]). "[U]nder certain circumstances and 'in the absence of a demonstrated intent to provide otherwise, a landowner burdened by an express easement of ingress and egress may [change it]' " (*Chekijian v Mans*, 34 AD3d 1029, 1031 [2006], *lv denied* 8 NY3d 806 [2007], quoting *Lewis v Young*, 92 NY2d at 449). In determining whether there is an intent to provide for more than the right of passage, we look first to the words used in creating the easement (*see Chekijian v Mans*, 34 AD3d at 1031). Where, as here, there is merely a general reference to an existing road, without more, an intent for a fixed location of the easement is not inferred (*see id.* at 1031; *Green v Blum*, 13 AD3d 1037, 1038 [2004]; *see also Lewis v Young*, 92 NY2d at 453-454; *cf. Estate Ct., LLC v Schnall*, 49 AD3d 1076, 1078 [2008] [relocation not permitted where judgment establishing prescriptive easement "expressly defined it by reference to a survey map showing the precise path of the easement in detail, including exact distances and courses and with reference to monuments, adjacent properties, highwater lines and other landmarks"]).

However, determining that a landowner is not precluded as a matter of law from relocating the easement does not end the analysis. Next, a "balancing test" must be employed in which the "landowner, consonant with the beneficial use and development of its property, can move that right of way, so long as the landowner bears the expense of the relocation, and so long as the change does not frustrate the parties' intent or object in creating the right of way, does not increase the burden on the easement holder, and does not significantly lessen the utility of the right of way" (*Lewis v Young*, 92 NY2d at 452). Where the landowner seeks to establish the right to relocate an easement in a summary judgment motion, the landowner, consistent with well-settled procedures, has the initial burden of satisfactorily establishing that the elements of the balancing test all support

relocating the easement to the place desired by the landowner as a matter of law (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Plaintiffs failed to meet their initial burden. The affidavit of plaintiff Kenneth M. Sullivan merely states that he "does intend to move the easement in the future, and will do so consistent with the law." His attorney repeats the relevant elements, but makes no effort beyond conclusory statements to show how those elements are satisfied. The reproduction of a survey map contained in the record, which was attached to the attorney's affirmation and purports to show the proposed relocation of part of the road, is of such poor quality as to be of virtually no assistance and certainly does not establish all the relevant elements as a matter of law. Accordingly, plaintiffs' cross motion should not have been granted (*see Green v Blum*, 13 AD3d at 1038).

Mercure, J.P., Spain, Rose and McCarthy, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as granted plaintiffs' cross motion for summary judgment permitting the easement to be moved; cross motion denied; and, as so modified, affirmed.