■ SANDRA A. MACKINNON et al., Respondents, v DAMIEN A. CROYLE et al., Appellants. [899 NYS2d 422]—

Mercure, J.P. Appeal from an order of the Supreme Court (Garry, J.), entered October 31, 2008 in Madison County, upon a decision of the court in favor of plaintiffs.

Plaintiffs, the owners of three contiguous lakefront properties in the Town of Madison, Madison County, rely upon an easement over defendants' adjacent parcel to access the nearest public road. As a result of confusion over the location of that easement and the placement of a structure on plaintiff Gail F. Dorn's property over the right-of-way described in prior deeds, the owners of the parties' properties in 1999 entered into an agreement that defined its location as running along a driveway shown on a 1997 survey map. Defendants acquired their parcel in 2007 and unilaterally relocated the driveway shortly thereafter, allegedly impeding plaintiffs' access to their properties. This RPAPL article 15 action ensued, with plaintiffs seeking to compel defendants to restore the driveway to its original location and condition.

Following a nonjury trial, Supreme Court found that defend-

ants had no right to unilaterally relocate the driveway and that the relocation had made access to plaintiffs' properties more difficult. Therefore, the court directed defendants to restore the driveway to the location described in the 1999 agreement and as it had existed prior to relocation. Defendants now appeal. Although we disagree with Supreme Court that the 1999 agreement unequivocally fixed the location of the right-of-way, we nevertheless affirm on the ground that plaintiffs' right of ingress and egress was impaired by defendants' unilateral relocation of the driveway.

Generally, "[a] right of way along a private road belonging to another person . . . [is not] a right that the road shall be in no respect altered . . . . [It] is merely a right to pass with the convenience to which [the easement holder] has been accustomed" (*Lewis v Young*, 92 NY2d 443, 449 [1998] [internal quotation marks and citations omitted]). Thus, "under certain circumstances and 'in the absence of a demonstrated intent to provide otherwise,' " a landowner may relocate a right-of-way traversing his or her property without the consent of the easement holder (*Chekijian v Mans*, 34 AD3d 1029, 1031 [2006], *lv denied* 8 NY3d 806 [2007], quoting *Lewis v Young*, 92 NY2d at 449; *see Estate Ct., LLC v Schnall*, 49 AD3d 1076, 1077 [2008]). It is well settled that a description of an easement as following an existing roadway does not, by itself, demonstrate an intent to definitively locate an easement; rather, such language reflects a more general intent to allow use of a roadway, wherever it may be located (*see Lewis v Young*, 92 NY2d at 452-453; *Sullivan v Woods*, 70 AD3d 1286, 1287 [2010]; *Chekijian v Mans*, 34 AD3d at 1031; *Green v Blum*, 13 AD3d 1037, 1038 [2004]). In contrast, to bar unilateral relocation, there must be an indication that the parties intended to permanently fix the easement's location, such as the inclusion of a metes and bounds description in the agreement creating the easement (*see Marsh v Hogan*, 56 AD3d 1090, 1091-1092 [2008]; *Estate Ct., LLC v Schnall*, 49 AD3d at 1077-1078).

In determining whether such an intent existed here, it is necessary to first examine the words of the 1999 agreement (*see* Real Property Law § 240 [3]; *Lewis v Young*, 92 NY2d at 453; *Judd v Vilardo*, 57 AD3d 1127, 1130 [2008]). The parties to the agreement sought "to formally modify the location of [the] easement and confirm [a] right to use the driveway, as it presently exists." The agreement provided that each plaintiff "has and shall continue to have an easement . . . for ingress and egress from East Lake Road to his or her property over [the] driveway as it now exists and as shown on a [1997] survey" annexed to

the agreement. The annexed 1997 survey, however, shows only that portion of the easement that traverses Dorn's property; it does not specify the location of the easement on defendants' property. Moreover, although a hand-drawn 1967 survey affixed to the agreement shows a 15-foot-wide easement crossing defendants' property and the approximate or general location of the driveway as it was then actually used, the 1967 survey is of poor quality, conflicts with the 1997 survey and is expressly disavowed in the parties' agreement. Under these circumstances, it cannot be said that the agreement reflects an unambiguous intent to fix the location of the easement on defendants' property or to prohibit them from relocating it (see Lewis v Young, 92 NY2d at 453; Sullivan v Woods, 70 AD3d at 1287; Chekijian v Mans, 34 AD3d at 1031; Green v Blum, 13 AD3d at 1038).

While a landowner may alter an undefined right-of-way, however, "the change [must] not frustrate the parties' intent or object in creating the right of way, [must] not increase the burden on the easement holder, and [must] not significantly lessen the utility of the right of way" (Lewis v Young, 92 NY2d at 452). That is, "a landowner may not unilaterally change a right of way if that change impairs [the] enjoyment of the easement holder's rights" (id. at 452). Here, plaintiffs submitted photographs and testified in detail regarding the manner in which defendants' narrowing of the relocated right-of-way and the inclusion of sharp turns thereon impaired their own access to their parcels, as well as that of garbage and delivery trucks. Although defendants testified that the relocation did not lessen the utility of the right-of-way, Supreme Court credited plaintiffs' evidence to the contrary, and we perceive no basis to disturb the court's determination of the parties' credibility in this regard (see Chekijian v Mans, 34 AD3d at 1032-1033; Marek v Woodcock, 277 AD2d 864, 866 [2000], lv dismissed 96 NY2d 792 [2001]). Accordingly, inasmuch as defendants' relocation of the right-of-way substantially impaired plaintiffs' use and enjoyment of the easement, Supreme Court properly directed that defendants restore the driveway to the state in which it existed prior to relocation (see Marek v Woodcock, 277 AD2d at 865-866).*

Spain, Rose, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, without costs.

---

* We note that nothing in our determination precludes defendants from seeking a declaratory judgment permitting them, upon a showing that a proposed relocation would not impair or diminish plaintiffs' right of ingress or egress, to relocate the right-of-way (see e.g. Sullivan v Woods, 70 AD3d at 1287; Green v Blum, 13 AD3d at 1038).