McCarthy, J.
Appeal from an order of the Supreme Court (Ferradino, J.), entered April 22, 2013 in Saratoga County, upon a decision of the court declaring the rights of the parties as to certain real property and permanently enjoining defendants’ obstruction of a certain right-of-way.
The parties own neighboring parcels of property in the Town of Halfmoon, Saratoga County. Plaintiffs commenced this action seeking, among other things, a declaration that they held a right-of-way over an approximately 67-by-50-foot rectangular portion of defendants’ real property (hereinafter the turnaround) and an order that defendants remove certain alleged obstructions from the turnaround. After a trial, Supreme Court found, among other things, that plaintiffs maintained a right-of-way over the turnaround and ordered that, as relevant here, defendants remove various obstructions to plaintiffs’ use of the turnaround, including a gravel driveway.[1] Defendant Jodi D. *1016 Aubin (hereinafter defendant) and defendant Richard Martin appeal.[2]
On appeal, defendant challenges only the portion of Supreme Court’s order requiring defendants to remove the gravel driveway installed on the turnaround. “[W]here the intention in granting an easement is to afford only a right of ingress and egress, it is the right of passage, and not any right in a physical passageway itself, that is granted to the easement holder” (Lewis v Young, 92 NY2d 443, 449 [1998]; accord Sullivan v Woods, 70 AD3d 1286, 1287 [2010]). Accordingly, “in the absence of a demonstrated intent to provide otherwise, a landowner burdened by an express easement of ingress and egress may narrow it, cover it over, gate it or fence it off, so long as the easement holder’s right of passage is not impaired” (Lewis v Young, 92 NY2d at 449; accord Sambrook v Sierocki, 53 AD3d 817, 818 [2008]).
Here, the deed establishing the right-of-way states that it is “for the purpose of ingress and egress to” plaintiffs’ property. The uncontroverted evidence established that, while the turnaround was previously comprised of hard-packed dirt, defendant installed a gravel driveway on the turnaround. Plaintiffs did not submit any evidence establishing that the gravel driveway impeded their use of the turnaround. Although plaintiffs established that they had a right of passage for the purpose of ingress and egress, they failed to further establish that defendant’s addition of a gravel driveway impaired that right to any extent. Accordingly, Supreme Court erred in ordering defendants to remove the gravel driveway (see Sambrook v Sierocki, 53 AD3d at 818; Chekijian v Mans, 34 AD3d 1029, 1032 [2006], lv denied 8 NY3d 806 [2007]; Mester v Roman, 25 AD3d 907, 908 [2006]; compare Marek v Woodcock, 277 AD2d 864, 865-866 [2000], lv dismissed 96 NY2d 792 [2001]).
Stein, J.P, Egan Jr., Lynch and Clark, JJ., concur.
Ordered *1017 that the order is modified, on the law, without costs, by reversing so much thereof as required defendants to remove the gravel driveway, and, as so modified, affirmed.

. Defendant Agnes Martin died during the pendency of this action. Although there is no indication in the record that the action was stayed or that *1016 a personal representative was formally substituted for her (see generally CPLR 1015 [a]; 1021), the action survives as to the other defendants because the three took title to the turnaround as tenants in common (see EPTL 6-2.2 [a]). Accordingly, the action “can proceed without a substitution with the death simply being noted on the record” (Bova v Vinciguerra, 139 AD2d 797, 799 [1988]; accord Adamec v Mueller, 94 AD3d 1212, 1213 n 2 [2012], lv denied 20 NY3d 856 [2013]; see CPLR 1015 [b]).

. This Court thereafter granted plaintiffs’ motion to dismiss Richard Martin’s appeal as a result of his default. However, the undisputed record establishes that defendant and Richard Martin own the real property at issue as tenants in common (see n 1, supra) and, therefore, any determination regarding the rights or obligations associated with such real property also affect him.