*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 9, 2015                519049
_____

WELLS FARGO BANK, N.A.,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

ANTHANASIOS VASILIOU,
    Individually and as
    Administrator of the Estate
    of VASILIOS VASILIOU, Also
    Known as BILL VASILIOU,
    Deceased, et al.,
                    Appellants,
                    et al.,
                    Defendants.

_____


Calendar Date:  February 19, 2015

Before:  Peters, P.J., McCarthy, Rose and Clark, JJ.

                    _____


        Athanasios Vasiliou, Windham and Xanthi Vasiliou-
Paraskakis, Hicksville, appellants pro se.

        Hogan Lovells US, LLP, New York City (Heather R. Gushue of
counsel), for respondent.

                    _____


Rose, J.

        Appeal from an order of the Supreme Court (Elliott III,
J.), entered February 6, 2014 in Greene County, which, among
other things, granted plaintiff's cross motion for summary
judgment.

        Plaintiff commenced this action following the death of
Vasilios Vasiliou (hereinafter decedent) seeking foreclosure on a

note secured by a home equity conversion mortgage, commonly known as a reverse mortgage, on real property owned by decedent in the Town of Windham, Greene County. As is relevant herein, decedent's children, defendants Anthanasios Vasiliou and Xanthi Vasiliou-Paraskakis (hereafter collectively referred to as defendants), answered and raised three affirmative defenses. Following the denial of their motion to dismiss the complaint based upon the affirmative defenses, defendants moved to compel discovery and plaintiff cross-moved for, among other things, summary judgment. Supreme Court, among other things, granted plaintiff's summary judgment motion, dismissed defendants' answer and appointed a referee to ascertain the loan amount due. Defendants now appeal.

Defendants contend that summary judgment was premature as further discovery was necessary in order to determine whether the loan was ever funded or is, in fact, fraudulent. We do not agree. In support of its summary judgment motion, plaintiff submitted the mortgage and note, which, admittedly, was executed by Vasiliou-Paraskakis pursuant to a 2003 durable power of attorney. Although defendants contend that Vasiliou-Paraskakis was unaware that she was signing a mortgage note, the power of attorney specifically appointed her to act as decedent's attorney-in-fact in real estate transactions and "enter[] into a Home Equity Conversion Mortgage with [plaintiff]." The executed note and mortgage, together with proof of decedent's death which, pursuant to the terms of the loan, rendered the loan to be in default, establish plaintiff's entitlement to summary judgment. Defendants thereafter failed to meet their burden of coming forward with competent or admissible evidence demonstrating the existence of any defense that could raise a triable issue of fact (see Community Bank, N.A. v Naito, 118 AD3d 1181, 1182 [2014]; HSBC Bank USA v Merrill, 37 AD3d 899, 900 [2007], lv dismissed 8 NY3d 967 [2007]). The record establishes that, in connection with a prior motion to dismiss the complaint, Supreme Court had found the affirmative defenses asserted in defendants' answer to be without merit. To the extent that defendants alleged that discovery could lead to evidence of fraud by plaintiff, it is well settled that "[a]llegations of mere hope that the discovery will reveal something helpful . . . provide no basis for postponing the determination" of a summary judgment motion (Bryan

v City of New York, 206 AD2d 448, 449 [1994]; see HSBC Bank USA, N.A. v Sage, 112 AD3d 1126, 1128 [2013], lvs dismissed 22 NY3d 1172 [2014], 23 NY3d 1015 [2014]).  Under these circumstances, we find that Supreme Court properly granted plaintiff's cross motion for summary judgment, and defendants' remaining contentions, including their challenges to the validity of the power of attorney, are without merit or are raised for the first time on appeal and, thus, not properly before us.

Peters, P.J., McCarthy and Clark, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court