## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  October 27, 2016                521245
_____

ROBERT SHELMERDINE et al.,
                    Respondents,

        v                                   MEMORANDUM AND ORDER

NANCY MYERS,
                    Appellant.
_____


Calendar Date:  September 15, 2016

Before:  Peters, P.J., Egan Jr., Lynch, Rose and Aarons, JJ.

                    _____


        Nicholas E. Tishler, Niskayuna, for appellant.

        Michael W. Smrtic, Gloversville, for respondents.


                    _____


Peters, P.J.

        Appeals (1) from an order and judgment of the Supreme Court
(Nolan Jr., J.), entered November 26, 2014 in Saratoga County,
upon a decision of the court in favor of plaintiffs, and (2) from
an order of said court, entered March 12, 2015 in Saratoga
County, which denied defendant's motions to set aside the verdict
and for reargument and/or renewal.

        Plaintiffs and defendant own neighboring parcels of real
property near Sacandaga Lake in the Town of Edinburg, Saratoga
County.  In 1996, plaintiffs and defendant's predecessor-in-
interest entered into a written agreement whereby they mutually
agreed to allow one another and their heirs and assigns, for a
period of 99 years, "the right to ingress and egress their
properties and tool sheds" over a strip of land situated between
the parties' homes.  After acquiring her parcel in 2012,
defendant constructed a new residence on the property and, in so

doing, erected an earthen berm and retaining rock wall that substantially encroached onto the mutual easement. Plaintiffs thereafter commenced this action seeking, among other things,[1] an order directing defendant to remove the berm. Following a nonjury trial, Supreme Court found defendant's actions to have unreasonably interfered with plaintiffs' rights under the easement and directed defendant to remove the berm and rock wall and restore the side yard to its previous condition. The court denied defendant's subsequent motions to set aside the judgment and for leave to reargue and/or renew, and these appeals by defendant ensued.

It is well established that "[t]he extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties" (Sambrook v Sierocki, 53 AD3d 817, 818 [2008] [internal quotation marks and citations omitted]; accord Boice v Hirschbihl, 128 AD3d 1215, 1216 [2015]). Where, as here, "the extent of a right-of-way is not specified, it is construed to be that which is necessary for the use for which it was created" (Taverni v Broderick, 111 AD3d 1197, 1199-1200 [2013] [internal quotation marks and citations omitted]; see Phillips v Iadarola, 81 AD3d 1234, 1235 [2011]). While a landowner burdened by an easement of ingress and egress may narrow it or cover it, "'the change [must] not frustrate the parties' intent or object in creating the right[-]of[-]way, must not increase the burden on the easement holder, and must not significantly lessen the utility of the right[-]of[-]way'" (MacKinnon v Croyle, 72 AD3d 1356, 1358 [2010], quoting Lewis v Young, 92 NY2d 443, 452 [1998]; see Thibodeau v Martin, 119 AD3d 1015, 1016 [2014]; Marek v Woodcock, 277 AD2d 864, 866 [2000], lv dismissed 96 NY2d 792 [2001]). That is, "a landowner may not unilaterally change a right[-]of[-]way if that change impairs [the] enjoyment of the easement holder's rights" (Lewis v Young, 92 NY2d at 452).

Here, as reflected in the language of the grant and

_____

[1] Although plaintiffs also asserted causes of action for trespass and nuisance, they later withdrew those claims.

confirmed by the parties' trial testimony, the purpose of the easement's creation was to allow the owners of these adjoining properties to travel over and upon each other's abutting side yard to access their respective backyards and sheds and to transport boats, machinery and equipment between the front and back of their homes.  Photographs admitted into evidence at the trial reveal that the berm at issue is at least two feet high, slopes in a downward direction and extends to within 10 inches of plaintiffs' exterior side stairway.  Plaintiffs presented detailed testimony regarding the manner in which defendant's installation of the berm and rock wall impaired the access to their backyard and their ability to move items such as a grill, compressor, power washer, lawn mower, wheelbarrow, rowboat and kayaks from their backyard shed to the front of the house.  Although defendant claimed that the alterations did not lessen the utility of the easement area or restrict plaintiffs' access, Supreme Court credited plaintiffs' proof to the contrary and we find no basis upon which to disturb that assessment (see MacKinnon v Croyle, 72 AD3d at 1358; Chekijian v Mans, 34 AD3d 1029, 1031 [2006], lv denied 8 NY3d 806 [2007]).  Further, defendant failed to proffer any evidence to support her claim that construction of the berm was necessary to protect the home's foundation.  Inasmuch as defendant's alterations "substantially interfered with [plaintiffs'] reasonable use and enjoyment of the right-of-way in light of the convenience to which they had become accustomed" (Marek v Woodcock, 277 AD2d at 866), Supreme Court properly directed that the berm and rock wall be removed and the easement area restored to its prior condition (see MacKinnon v Croyle, 72 AD3d at 1358).

Defendant's challenges to the denial of her posttrial motions are similarly unavailing.  With respect to her CPLR 4404 (b) motion to set aside the judgment, "[t]he statute leaves the circumstances for granting such relief to the discretion of the court, and its decision whether to grant the motion will not be disturbed absent an abuse of that discretion" (Matter of Ramsey H. [Benjamin K.], 99 AD3d 1040, 1043 [2012] [citations omitted], lv denied 20 NY3d 858 [2013]; see Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381 [1976]).  In support of the motion, defendant offered the affidavit of an engineer who opined that removal of the berm and rock wall "would severely compromise

the foundation and structure of the building." While defendant claims that this is new evidence, the record reflects that, during a pretrial hearing on plaintiffs' application for a preliminary injunction, defendant's counsel argued that the berm and rock wall were necessary to ensure the "structural integrity of [the] home" and indicated that defendant would be proffering the opinion of an engineer to support that position. However, no such testimony was offered at the ensuing trial, nor did defendant proffer an explanation for her failure to do so or present any other evidence to support her claim regarding the necessity of the existing berm. Under such circumstances, Supreme Court properly exercised its discretion in declining to set aside its decision or order a new trial (see Turco v Turco, 117 AD3d 719, 723 [2014]; Matter of Ramsey H. [Benjamin K.], 99 AD3d at 1043; Matter of Xuong Trieu v Tax Appeals Trib. of State of N.Y., 222 AD2d 743, 745 [1995], appeal dismissed 87 NY2d 1054 [1996], lv denied 88 NY2d 809 [1996]). Finally, defendant's motion to renew — which duplicated the arguments made in her motion to set aside the judgment — was also properly denied (see generally Paterno v Strimling, 107 AD3d 1233, 1234 [2013]; Carr-Harris v Carr-Harris, 98 AD3d 548, 551 [2012]).[2]

Egan Jr., Lynch, Rose and Aarons, JJ., concur.


ORDERED that the order and judgment and order are affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2] To the extent that this motion sought reargument, the denial of such a motion is not appealable (see Neroni v Follender, 137 AD3d 1336, 1339 [2016], appeal dismissed 27 NY3d 1147 [2016]).