■ STEVEN ROSEN, Respondent-Appellant, v KATHERINE MOSBY, Appellant-Respondent. [51 NYS3d 629]—

Clark, J. Appeals (1) from an order of the Supreme Court (Zwack, J.), entered April 23, 2014 in Columbia County, which denied defendant's motion for an order directing plaintiff to comply with outstanding discovery demands, (2) from an order of said court (Mott, J.), entered August 7, 2014 in Columbia County, which, among other things, granted defendant's cross motion for partial summary judgment, (3) from an order of said court (Mott, J.), entered October 6, 2014 in Columbia County, which, among other things, denied plaintiff's motion for reargument, (4) from an order of said court (Mott, J.), entered January 9, 2015 in Columbia County, which, among other things, granted defendant's motion for partial summary judgment, and (5) from an order of said court (Mott, J.), entered June 17, 2015 in Columbia County, which, among other things, denied plaintiff's motion for reargument.

The parties own adjoining properties located in the Town of Ancram, Columbia County. Plaintiff purchased his property in 1989 and his deed includes the grant of "the right of ingress and egress . . . over: A [50-]foot[-]wide roadway" that is particularly described by metes and bounds. Plaintiff's deed further provides that the easement is "[s]ubject to a road maintenance agreement dated August 16, 1988." The duly recorded 1988 maintenance agreement was a declaration by the

owner of the subdivision that included plaintiff's property and it provided—with reference to a subdivision map depicting the proposed 50-foot-wide roadway—that the cost of maintaining the private road would be shared by the property owners. The maintenance agreement expressly provided that each owner of a deeded lot in the subdivision would have "an easement and right-of-way in common over and across the private road depicted on the subdivision map for ingress or egress by motor vehicle or otherwise." By its terms, the maintenance agreement could be amended "by a written agreement signed and acknowledged" by a requisite number of owners. The maintenance agreement, however, provided that the "continuing easements in common in the private road" could be terminated, by an amendment to the maintenance agreement, only upon the unanimous consent of all the subdivision lot owners.

In March 1990, the maintenance agreement was amended because "the roadway as actually constructed and laid out on the ground varie[d] somewhat from the layout of the roadway as depicted" on the map referenced in the maintenance agreement. Consequently, the amendment "deemed . . . the roadway as actually constructed and laid out on the ground" to be the roadway that was the subject of the maintenance agreement. Further, the amendment provided that the easement referenced in the maintenance agreement was "the width of the roadway and drainage ditches adjacent thereto as . . . actually constructed" to be the roadway that was the subject of the maintenance agreement. In November 1990, after plaintiff agreed to and executed the amendment, it was recorded.

In 2011, defendant purchased her property, which is located across the road from plaintiff's property. Defendant's deed also included and was subject to the "right of ingress and egress" as shown on the original subdivision map, the maintenance agreement and the 1990 amendment to the maintenance agreement. In the spring of 2012, defendant cleared and graded an area located on the western edge of her property and installed a stockade fence along the private road. Plaintiff then commenced this action alleging six causes of action—the first four pursuant to the Real Property Actions and Proceedings Law—arising from his claim that the fence blocked his access to the right-of-way set forth in his deed. Defendant initially moved to dismiss the complaint, arguing that there was no encroachment because the maintenance agreement and the amendment thereto modified the right-of-way by moving the easement to the road that was built. Supreme Court (Zwack, J.) denied the motion, and defendant filed an answer asserting 12 affirmative defenses and two counterclaims.

In April 2014, Supreme Court denied defendant's motion for an order directing plaintiff to comply with certain discovery demands. Thereafter, by order entered in August 2014, Supreme Court (Mott, J.) denied plaintiff's motion for partial summary judgment and granted defendant's cross motion dismissing plaintiff's first four causes of action, finding that there was no dispute that plaintiff's rights of ingress and egress over the actual road were unimpeded by the fence that defendant had constructed on her own land. After twice granting plaintiff leave to amend his complaint to add causes of action for, as relevant here, indemnification, conversion and declaratory judgment, Supreme Court, by order entered January 2015, granted defendant's motion for partial summary judgment dismissing these causes of action as well. Defendant appeals from the April 2014 order, and plaintiff appeals from the August 2014 and January 2015 orders granting defendant partial summary judgment, as well as from two orders entered in October 2014 and June 2015 denying his motions for reargument.[1]

We first turn to Supreme Court's dismissal of plaintiff's first four causes of action, in which plaintiff essentially alleged that defendant interfered with his deeded easement rights, delineated in the 50-foot-wide easement area for a period of 25 years, and that the fence erected by defendant blocked that right-of-way. "It is well settled that the extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties" (*Boice v Hirschbihl*, 128 AD3d 1215, 1216 [2015] [internal quotation marks, brackets and citations omitted]; *see Shelmerdine v Myers*, 143 AD3d 1200, 1200 [2016]). "[W]here the intention in granting an easement is to afford only a right of ingress and egress, it is the right of passage, and not any right in a physical passageway itself, that is granted to the easement holder" (*Lewis v Young*, 92 NY2d 443, 449 [1998]; *accord Thibodeau v Martin*, 119 AD3d 1015, 1016 [2014]; *Sullivan v Woods*, 70 AD3d 1286, 1287 [2010]). If " 'an easement is definitively located, by grant or by use, its location cannot be changed by either party unilaterally' " (*Estate Ct., LLC v Schnall*, 49 AD3d 1076, 1077 [2008], quoting *Clayton v Whitton*, 233 AD2d 828, 829 [1996]).

---

1. As no appeal lies from the denial of a motion to reargue, the appeals from said orders must be dismissed (*see Borst v International Paper Co.*, 121 AD3d 1343, 1345 n 2 [2014]; *Brown v Reinauer Transp. Cos., LLC*, 67 AD3d 106, 109 n 1 [2009], *lv dismissed and denied* 14 NY3d 823 [2010], *cert denied* 564 US 1052 [2011]).

For example, unilateral relocation is not permitted where there is "an indication that the parties intended to permanently fix the easement's location, such as the inclusion of a metes and bounds description in the agreement creating the easement" (*MacKinnon v Croyle*, 72 AD3d 1356, 1357 [2010]; *see Estate Ct., LLC v Schnall*, 49 AD3d at 1077).

.Here, in support of his claim that he is entitled to judgment as a matter of law on his first four causes of action, plaintiff relied on the language in his deed, defendant's deed and a survey map. In opposition, defendant relied on the deeds, the maintenance agreement and the amendment to the maintenance agreement. Defendant further submitted affidavits by the subdivision developer and former property owners to establish that the originally proposed private roadway was rerouted in response to field conditions and that the maintenance agreement was amended to reflect the actual location of the easement for ingress and egress. Defendant's submissions confirm that the proposed road followed a relatively straight route through the subdivision and ended at a cul-de-sac, while the actual road follows the proposed road for a distance before veering to the west, away from defendant's property and onto plaintiff's parcel.[2]

Plaintiff's deed grants a right of ingress and egress over a 50-foot-wide roadway identified with a metes and bounds description and with reference to proposed subdivision map number 9951 (*see Marsh v Hogan*, 56 AD3d 1090, 1092 [2008]). However, plaintiff's deed is expressly subject to the maintenance agreement, which references a proposed subdivision map number 10423 that depicts the same roadway as described in plaintiff's deed.[3] Accordingly, by accepting the deed, plaintiff agreed to be "bound by and considered as having accepted and agreed to [the] protective covenants and restrictions" set forth in the maintenance agreement. In addition, when he executed the amendment to the maintenance agreement, plaintiff agreed that the as-built private roadway was "deemed" to be the location of the easement for ingress and egress.

In our view, plaintiff's deed clearly evinces that the intent of the easement was to provide a right of ingress and egress. Although plaintiff correctly argues that his deed fixed the loca-

---

2. Although it is not clear from the record precisely when the private roadway was built, it has existed and been in use since at least 1990.

3. Defendant's deed similarly includes the right of ingress and egress over the 50-foot-wide roadway shown on subdivision map 10423, expressly subject to both the maintenance agreement and the amendment, and it describes the as-built private roadway by metes and bounds.

tion of the easement (*see MacKinnon v Croyle*, 72 AD3d at 1357), this does not resolve the issue presented. The plain language of plaintiff's deed incorporates the maintenance agreement, which was duly amended so as to "deem[ ]" the location of the easement for ingress and egress to follow the private road that was actually constructed. Accordingly, the easement was not relocated unilaterally, but with plaintiff's express consent, and we decline to construe the documents as creating a new easement in 1990. We further agree with Supreme Court's conclusion that, because plaintiff did not allege that defendant's fence impeded his right to ingress and egress between his property and the public road, defendant was entitled to partial summary judgment dismissing plaintiff's first four causes of action (*see Guzzone v Brandariz*, 57 AD3d 481, 482-483 [2008]).

It follows that Supreme Court also properly dismissed plaintiff's fourteenth cause of action seeking a declaratory judgment that he may modify the easement to bar access to his property to defendant, her invitees, agents and guests. By this cause of action, plaintiff alleged that he agreed to the private roadway easement burdening his property because he believed that he maintained a right to access defendant's property. Plaintiff asserts that if defendant can build a fence to block his access, he should have the authority to modify the existing private roadway easement to prevent defendant from using that portion of the roadway that burdens his property. "[A]n easement created by grant, express or implied, can only be extinguished by abandonment, conveyance, condemnation, or adverse possession" (*Gerbig v Zumpano*, 7 NY2d 327, 330 [1960] [emphasis omitted]; *see Dutcher v Allen*, 93 AD3d 1101, 1103 [2012]). Contrary to his assertions, plaintiff cannot unilaterally change the location of the existing private roadway easement—the location of which was fixed by the deed, the maintenance agreement and the amendment to the maintenance agreement (*see Estate Ct., LLC v Schnall*, 49 AD3d at 1077). Thus, defendant was entitled to summary judgment dismissing plaintiff's fourteenth cause of action.

Next, we find that Supreme Court properly dismissed plaintiff's twelfth cause of action for conversion, in which he alleges that defendant removed a wooden signpost, identifying her lot number, that has been posted at the foot of her driveway, but on his property, for "ten years or more." A cause of action for conversion exists where the plaintiff has a "possessory right or interest in the property" and the defendant has "dominion over the property or interfere[s] with it, in deroga-

tion of [the] plaintiff's rights" (*Pappas v Tzolis*, 20 NY3d 228, 234 [2012] [internal quotation marks omitted]). In support of her motion for partial summary judgment dismissing plaintiff's conversion claim, defendant asserted in an affidavit that she did not remove the signpost. She also submitted an affidavit by her predecessor in title who averred that he built and installed the signpost, believed that he installed the signpost either on his own property or on his driveway easement, and did not know or care what happened to the signpost because it had no monetary value. In our view, defendant's submissions were sufficient to meet her initial burden. In opposition, plaintiff failed to submit evidence sufficient to raise a triable issue of fact with regard to his ownership or possessory right or interest in the signpost. Accordingly, we find that Supreme Court properly granted defendant's motion for partial summary judgment dismissing plaintiff's twelfth cause of action (*see Komolov v Segal*, 144 AD3d 487, 488 [2016]; *Reeves v Giannotta*, 130 AD3d 1444 [2015]; *compare Miller v Marchuska*, 31 AD3d 949, 950 [2006]).

We reject plaintiff's argument that the order entered in August 2014 violated the law of the case doctrine. First, "[t]he doctrine applies only when the prior ruling directly passed upon a question of law that is essential to the determination of the matter" (*Karol v Polsinello*, 127 AD3d 1401, 1402 [2015]; *see Scofield v Trustees of Union Coll.*, 288 AD2d 807, 808 [2001]). The observation that defendant did not have a viable defense "as a matter of law" was not necessary to the court's ruling on defendant's motion to compel discovery and, thus, Supreme Court was not required to give preclusive effect to such language. Nor does the doctrine apply where, as here, a motion for summary judgment follows a motion to dismiss that was not converted to a motion for summary judgment pursuant to CPLR 3212 (c) (*see Moses v Savedoff*, 96 AD3d 466, 468 [2012]; *191 Chrystie LLC v Ledoux*, 82 AD3d 681, 682 [2011]). Supreme Court was not required to give preclusive effect to the court's initial denial of defendant's motion to dismiss plaintiff's first four causes of action, and, importantly, based its determination on the fact that plaintiff did not claim that the fence in any way impeded his access over the as-built private roadway.

Finally, plaintiff's arguments with regard to "paper streets," raised for the first time on appeal, is not preserved for our review (*see Matter of Regan v DiNapoli*, 135 AD3d 1225, 1228 [2016], *lv denied* 27 NY3d 913 [2016]; *Wells Fargo Bank, N.A. v Vasiliou*, 127 AD3d 1351, 1352 [2015]). We have considered the parties' remaining arguments and find that they are either

without merit or not necessary to resolve in light of the findings herein.

McCarthy, J.P., Egan Jr. and Mulvey, JJ., concur; Lynch, J., not taking part. Ordered that the appeals from the orders entered October 6, 2014 and June 17, 2015 are dismissed. Ordered that the orders entered April 23, 2014, August 7, 2014 and January 9, 2015 are affirmed, with costs to defendant.