James J. Coneoy, J.
In an action to recover damages allegedly sustained as a result of the breach of a contract to enter into a lease, the defendant moves to dismiss the complaint on the ground that the contract is unenforeible under the provisions of the Statute of Frauds.
The defendant, in an affidavit in support of the instant motion, argues that the contract which bottoms the plaintiff’s cause of action was oral, and, therefore, is unenforeible.
*272 The plaintiff, in opposition, argues that while there was an oral contract to enter into a lease for a period of 10 years, there has been sufficient part performance to avoid the effect of the Statute of Frauds. This performance, the plaintiff contends, includes (1) the defendant’s use and occupation of the premises from May 1, 1959 to May 6, 1959; (2) three checks delivered by the defendant to the plaintiff for, among other things, the payment of the first month’s rent and two months’ security and (3) that the defendant is the nephew of the sole principal of the plaintiff corporation, and that because of the closeness of the relationship and the afore-mentioned acts, the plaintiff made “ substantial changes in his position.”
The affidavits clearly indicate that the instant complaint seeks to recover damages for the breach of an oral contract to enter into a lease for a term of 10 years. (See, generally, Baron v. Schachter, 284 App. Div. 361, affd. 308 N. Y. 888.) The Court of Appeals stated in Burns v. McCormick (233 N. Y. 230, 232): “ to enforce an oral agreement affecting rights in land * * * [T]here must be performance ‘ unequivocally referable ’ to the agreement, performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership ***.*** What is done must itself supply the key to what is promised. It is not enough that what is promised may give significance to what is done.”
A party who occupies certain premises (Talamo v. Spitzmiller, 120 N. Y. 37; see, also, Unglish v. Marvin, 128 N. Y. 380) and pays rent (Rosen v. 250 West 50 St. Corp., 296 N. Y. 567) has not performed acts unequivocally referable to any agreement, since he may be a tenant at will, liable for rent for use and occupation. (Talamo v. Spitzmiller, supra.) The fact that the plaintiff and defendant are related does not change the requirement that the acts of part performance should be unequivocally referable to the alleged oral agreement. (Hartburg v. Bullock, 12 Misc 2d 851; see, also, Smith v. Smith, 125 N. Y. 224; Wood v. Rabe, 96 N. Y. 414.) The bare allegation by plaintiff that it changed its position in reliance upon the alleged oral agreement is certainly not performance unequivocally referable to the agreement. Such an allegation is devoid of any relevant evidentiary facts (see Jacobs v. Hochstadt, 23 Misc 2d 803), and it may be that any alleged change of position would be explainable as steps which contemplated a future agreement. (Gracie Square Realty Corp. v. Choice Realty Corp., 305 N. Y. 271, 282.)
Under those circumstances, the court cannot say that the alleged acts of part performance are unintelligible or at least
*273 extraordinary unless relevant to the alleged oral agreement herein. (Rosenwald v. Goldfein, 3 A D 2d 206, 210.)
Accordingly, the motion to dismiss the complaint is granted without prejudice to any action the plaintiff may have to recover rent for use and occupation.