■ HAMILTON ARMSTRONG, JR., et al., Respondents, v. COUNTY OF ONONDAGA, ONONDAGA COUNTY WATER DISTRICT, Defendant, and Sisters of St. Francis, Minor Conventual, Appellant.— Judgment unanimously reversed, without costs, and motion denied. Memorandum: Plaintiffs' motion for summary judgment was granted and the court undertook to declare the rights of the parties to the subject matter of this action. The issue presented is the nature and extent of the use of a so-called private or farm road that bisects the lands of the respective parties who obtained title through mesne conveyances from a common grantor. The language · of the conveyances may be construed as creating reciprocal easements by implication with both parties possessing interests that are mutually servient. "In ascertaining, in the case of an easement appurtenant created by conveyance, whether additonal or different uses of the servient tenement required by changes in the character of the use of the dominant tenement are permitted, the interpreter is warranted in assuming that the parties to the conveyance contemplated a normal development of the use of the dominant tenement." (Restatement, Property, § 484.) "What the parties might reasonably have expected is to be ascertained from the circumstances existing at the time of the conveyance. It is to be assumed that they anticipated such uses as might reasonably be required by a normal development of the dominant

tenement. It is not to be assumed, however, that they anticipated an abnormal development. Hence, the scope of an easement- created by implication does not extend to uses required by such development." (Ibid pp. 3022–3023, see, also, 3 Powell Real Property § 415.) It appears from the maps that the subject road extends for about one quarter of a mile between two public highways. In affidavits submitted by plaintiffs it is stated that from 1932 to 1964 the use of the road was restricted to the family owners of the property for ingress and egress to the public highways; that the only outsiders were invited guests or tradespeople. The record, however, does not reveal the number of houses on the road whose occupants made use of the road. It may be gleaned from the affidavit of one plaintiff that there is at least one residence because it is stated that the driveway was littered with debris after defendant's lessee made an expanded use of the road. Upon oral argument many additional facts were stated but these unfortunately are not to be found in the record before us. All of the material facts and circumstances should be fully developed before the respective rights of the parties may be adjudicated. While summary judgment is appropriate in an action for declaratory judgment (CPLR 3212) "When the facts presented in the pleadings or on a pretrial motion are not sufficient to permit a declaration for either party at that stage, the action must, of course, proceed to trial." (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3001.13); see also *Town of Harrison* v. *County of Westchester,* 13 A D 2d 708. (Appeal from judgment of Onondaga Special Term granting plaintiffs' motion for summary judgment in action to declare rights to easement.) Present — Bastow, P. J., Goldman, Marsh, Witmer, and Henry, JJ.