■ JOHN L. E. WOLFF et al., Respondents, v 969 PARK CORPORATION, Appellant. — Order, Supreme Court, New York County (Price, J.), entered August 14, 1981, which, in effect, denied defendant-appellant 969 Park Corporation's (969) cross motion to dismiss the complaint, granted the declaratory judgment sought by plaintiffs-respondents Dr. John L. E. Wolff *et al.* (Wolff), to the extent of declaring that there was a two-year lease, and directed a reference to determine the length of a purported oral lease beyond a two-year period, modified, on the law, the declaration of two-year lease and reference stricken, plaintiffs-respondents' motion for removal and consolidation granted, and, otherwise, affirmed, without costs. The underlying issues in this action are

whether the purported oral lease is barred by the Statute of Frauds (General Obligations Law, § 5-703, subd 2) and whether equity may relieve from its operation and compel specific performance by virtue of respondents' alleged part performance (General Obligations Law, § 5-703, subd 4). We do not, however, reach these issues. Special Term ignored Wolff's motion in chief and instead adjudicated the entire action. It, in effect, granted partial summary judgment in an action for declaratory judgment, where there were sharply disputed issues of fact as to: whether a lease was orally offered in the first place; whether the agent had the authority to offer such a lease; the essential terms of the purported lease; whether the new rent checks were accepted as such; whether permanent improvements were made in reliance upon the purported lease; and whether all of the above were "unequivocally referable" to the agreement. In a declaratory judgment action, the material facts and circumstances should be fully developed before the rights of the parties are adjudicated. Here, the disputed issues of fact, unresolved by the record before us, entitled the plaintiffs-respondents to a trial on the merits. " 'When the facts presented in the pleadings or on a pretrial motion are not sufficient to permit a declaration for either party at that stage, the action must, of course, proceed to trial' " (*Armstrong v County of Onondaga,* 31 AD2d 735, 736, citing 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.13). Concur — Carro, J. P., Markewich, Bloom and Fein, JJ.

Silverman, J., dissents in part in a memorandum as follows: I would grant defendant's cross motion for judgment under CPLR 3211 (subd [a], par 5) on the ground of the Statute of Frauds, and would declare that plaintiffs do not have a valid lease for any period in excess of one year. Plaintiffs claim an oral five-year lease of an apartment. Such a lease being "for a longer period than one year" is of course required to be in writing. (General Obligations Law, § 5-703, subd 2.) Concededly, there was no writing. Plaintiffs contend there was such part performance on their part as to take the case out of the Statute of Frauds. But to have this effect with respect to the real property provisions of the Statute of Frauds, the part performance must be "unequivocally referable" to the claimed oral agreement. (*Burns v McCormick,* 233 NY 230, 232; *Gracie Sq. Realty Corp. v Choice Realty Corp.,* 305 NY 271, 279; *Wilson v La Van,* 22 NY2d 131, 134.) "Not every act of part performance will move a court of equity, though legal remedies are inadequate, to enforce an oral agreement affecting rights in land. There must be performance 'unequivocally referable' to the agreement, performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership assured, if not existing. 'An act which admits of explanation without reference to the alleged oral contract or a contract of the same general nature and purpose is not, in general, admitted to constitute a part performance' (*Woolley v. Stewart,* 222 N. Y. 347, 351). What is done must itself supply the key to what is promised. It is not enough that what is promised may give significance to what is done." (*Burns v McCormick, supra,* at p 232.) The payment of rent and the minor alterations made by plaintiffs are not unequivocally referable "without reference to the alleged oral contract" to a five-year lease agreement. They are equally consistent with a tenancy for a period less than one year, or even to a nonlegally enforceable but factual expectation of a reasonably long term possession. (*Wilson v La Van, supra,* at pp 134-145; *2458 Bedford Ave. Realty Corp. v Bernard,* 33 Misc 2d 271, 272; *Coudert v Cohn,* 118 NY 309.)