■ WILLIAM J. KELLER SR. et al., Appellants, v VILLAGE OF CASTLETON-ON-HUDSON, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Travers, J.), entered February 9, 1990 in Rensselaer County, which, in an action pursuant to RPAPL article 15, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs and defendant own parcels of adjoining land located off U.S. Route 9 in the Town of Schodack, Rensselaer County. In June 1987, plaintiffs commenced this RPAPL article 15 action to quiet title to one acre of disputed property situated along the parties' borders. After answering, defendant moved for summary judgment dismissing the complaint, contending that plaintiffs could not prove ownership of the disputed parcel. Although defendant submitted its deed, which included a description of the disputed property, defendant did not seek a judgment in its favor declaring that it owned the property *(see,* RPAPL 1517). Defendant has, however, apparently initiated a separate, currently pending, RPAPL article 15 action against plaintiffs for the same or similar relief.

Supreme Court subsequently granted the motion and dismissed the complaint, ostensibly because of plaintiffs' failure of proof. The court, however, stated that its decision did not "affirmatively determine the defendant to be the fee owner of [the] area in question". Plaintiffs have appealed.

We reverse without reaching the merits. RPAPL article 15 requires that judgments made pursuant thereto shall declare the validity or invalidity of "any claim to any estate or interest established by any party to the action" (RPAPL 1521 [1]). As such, Supreme Court's order dismissing the complaint without making such a declaration was insufficient *(see, Orrino v Norbon Homes,* 35 AD2d 732). Accordingly, we remit this case to Supreme Court for further proceedings as may be necessary in its discretion and for the rendition of an appropriate judgment pursuant to RPAPL article 15.

Order reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not

inconsistent with this court's decision. Mahoney, P. J., Mikoll, Levine, Crew III and Harvey, JJ., concur.