FREDERICK W. SAMBROOK et al., Appellants, v JOSEPH W. SIEROCKI et al., Respondents. [861 NYS2d 483]—

Kavanagh, J. Appeal from an order of the Supreme Court (Kramer, J.), entered June 27, 2007 in Schenectady County, which, among other things, partially granted defendants' motion for summary judgment.

In November 1988, John Laing applied for and received approval for a five-parcel residential subdivision located on Vley

Road in the Town of Glenville, Schenectady County. Three of the owners executed a declaration of easement creating a common driveway. Subsequently, plaintiffs and defendants each acquired title to a lot; defendants' property was subject to the existing easement and plaintiffs' property included an easement granting them the "right to use with others, the common driveway, for ingress and egress."

In 2002, defendants constructed a stockade fence along the western side of the driveway, from the front of the lot to the end of the easement and, in front of the fence, planted trees and placed mulch and posted "No Parking" signs on the fence. Defendants also installed a chain link fence along the eastern side of the driveway. Plaintiffs commenced this action claiming that defendants' actions prevented plaintiffs from full enjoyment and use of the easement and sought an order requiring defendants to remove the fences and all permanent obstructions. After the parties reached a stipulation as to the facts of the case, Supreme Court ordered, among other things, that the chain link fence on the eastern side of the driveway be removed, however, it found that the fence on the western side, and the landscaping, could remain. Plaintiffs now appeal.

" 'The extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties' " (*Raven Indus., Inc. v Irvine*, 40 AD3d 1241, 1242 [2007], quoting *Hopper v Friery*, 260 AD2d 964, 966 [1999]). The easement here specifically granted plaintiffs the right of ingress and egress. While plaintiffs argue that the fence and landscaping on the western side of the driveway impede their ability to use the easement to the fullest extent because it prohibits parking along the side of the driveway, Supreme Court correctly determined that parking was not a proper use of the easement. Not only does it appear from the record that defendants' actions did not impair plaintiffs' ability to use the easement in the manner intended—for ingress and egress over the driveway (*see Lewis v Young*, 92 NY2d 443, 449-450 [1998])—plaintiffs have failed to submit any evidence that the stockade fence and improvements made by defendants actually impaired plaintiffs' ability to use the driveway to gain access to their property. To this extent, "in the absence of a demonstrated intent to provide otherwise, a landowner burdened by an express easement of ingress and egress may narrow it, cover it over, gate it or fence it off, so long as the easement holder's right of passage is not impaired" (*Lewis v Young*, 92 NY2d at 449).

Nor do we agree that a different result is required because

the description defines the dimensions of the easement as 25½ feet in width by 138.02 feet in length and the driveway with the fence and landscaping is only 12 feet wide. The declaration of easement was for a common driveway, which was to be located on the swath of property as defined in the easement's description. There is no written requirement in the declaration that the driveway itself be 25½ feet wide. Because we agree with Supreme Court that the fence and landscaping on the western side of the driveway does not impede usage of the common driveway for the stated purpose of ingress and egress, we concur with Supreme Court's decision dismissing plaintiffs' claims regarding the stockade fence and landscaping along the western side of the driveway.

Mercure, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, with costs.