██ Doreen R. Williams, Appellant, v Gail McNee, Respondent. [916 NYS2d 257]—

Lahtinen, J. Appeal from an order of the Supreme Court (Reynolds Fitzgerald, J.), entered June 11, 2010 in Delaware County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

Defendant has owned a commercial parcel on Delaware Street in the Village of Walton, Delaware County since 1984 and, in July 2006, plaintiff purchased an adjoining parcel to run a pizza business. Between their two buildings they share a 73-foot-long, 12-foot-wide common driveway, which is set forth in easements in both deeds. A public parking lot is located behind the buildings and can be reached by continuing beyond the 73-foot common driveway for another 15 feet. However, this 15-foot section

is owned solely by defendant. Plaintiff built a ramp (and eight-foot-high roof) in the common driveway. Her patrons also frequently used the 15-foot section as a path to reach plaintiff's business from public parking without having to walk around one additional building. Defendant constructed a fence blocking the 15-foot section in 2007. Plaintiff commenced this action alleging in her complaint that there was a public prescriptive easement through the 15-foot section. Defendant asserted a counterclaim to require plaintiff to remove the structure she had built in the common driveway. Defendant moved for summary judgment dismissing the complaint and granting her relief on the counterclaim. Supreme Court granted defendant's motion. Plaintiff appeals.

We consider first plaintiff's contention that defendant should not have been granted summary judgment on her counterclaim requiring removal of the structures constructed in the common driveway. Defendant met her threshold burden by submitting proof that the structures prevented motor vehicle passage in the common driveway and thus impaired an intended use of the easement (*see* 5-40 Warren's Weed, New York Real Property § 40.70 [4] [2010]; *cf. Sambrook v Sierocki*, 53 AD3d 817, 818 [2008]). Plaintiff did not produce any evidence disputing defendant's proof on this issue and, accordingly, defendant was properly granted summary judgment on her counterclaim.

Next, we turn to plaintiff's argument that Supreme Court erred in granting summary judgment dismissing her complaint. In her complaint and papers opposing defendant's motion, plaintiff contended that there was a public prescriptive easement such that her patrons were entitled to cross defendant's property. On appeal, plaintiff concedes in her brief that, as found by Supreme Court, she has not established a factual issue as to a public easement (*see generally Aubuchon Realty Co. v Cohen*, 294 AD2d 738, 739 [2002]; 2 NY Jur 2d, Adverse Possession and Prescription § 53). She nevertheless urges that dismissal of her complaint was pursuant to CPLR 3211 and that Supreme Court should have considered whether the pleadings and affidavits set forth any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). However, this was a motion for summary judgment pursuant to CPLR 3212 on which plaintiff concedes she cannot prove the claim she was pursuing (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Defendant's motion for summary judgment dismissing the complaint was properly granted.

Spain, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.