■ GLENN ACRES TREE FARM, INC., Appellant, v TOWN OF HARTWICK HISTORICAL SOCIETY, INC., Respondent. [922 NYS2d 651]—

Spain, J. Appeal from a judgment of the Supreme Court (Dowd, J.), entered November 12, 2009 in Otsego County, upon a decision of the court in favor of defendant.

Plaintiff commenced this action to quiet title pursuant to RPAPL article 15 to a parcel of real property located in the Town of Hartwick, Otsego County, and to the historic schoolhouse which improves the property. In the complaint, plaintiff asserts that defendant "might unjustly claim" an interest in the schoolhouse structure and, accordingly, plaintiff seeks a declaration that it is the absolute owner of the parcel and its improvements. Plaintiff moved for summary judgment and defendant cross-moved for summary judgment seeking dismissal of the complaint based on plaintiff's failure to join a necessary party, namely plaintiff's grantor, Robert Myers. Supreme Court denied both motions and determined that Myers was not a necessary party.

Following a brief nonjury trial, Supreme Court found that plaintiff had failed to establish by a preponderance of the evidence that it had any right to the schoolhouse *or the lot on which it sits* (hereinafter the property), and dismissed the

complaint. Specifically, Supreme Court relied upon the following language in plaintiff's deed: "All that certain plot, piece or parcel of land . . . situate . . . at South Hartwick, County of Otsego and State of New York, and bounded as follows, to wit: . . . excepting and reserving therefrom three several dwelling houses and the lands belonging to them, also one store and lot and black-smith shop and lot, one school house and lot situated on said premises." Given this clear language excepting the schoolhouse property from the land deeded to plaintiff, Supreme Court found that plaintiff had never taken title to the property and, thus, could not demonstrate ownership to the lot or schoolhouse either by title or reversion. Accordingly, Supreme Court dismissed the complaint. Plaintiff appeals, asserting that Supreme Court erred in simply dismissing plaintiff's claim, rather than issuing a declaration concerning the validity of all parties' claims to the property, and arguing, in any event, that plaintiff's right to the property is superior to defendant's. We now affirm the dismissal of the complaint, but on different grounds, as we hold that the complaint should have been dismissed for failure to join necessary parties other than Myers.

Initially, we note that had the action properly proceeded to the merits, plaintiff is correct in asserting that the dismissal of the complaint, without a declaration resolving each parties' interest in the property, was error. "RPAPL article 15 requires that judgments made pursuant thereto shall declare the validity or invalidity of 'any claim to any estate or interest established by any party to the action' . . . As such, Supreme Court's order dismissing the complaint without making such a declaration was insufficient" (*Keller v Village of Castleton-on-Hudson*, 173 AD2d 979, 979 [1991], quoting RPAPL 1521 [1]; *see Orrino v Norbon Homes*, 35 AD2d 732, 732 [1970]). Here, however, because a review of the available proof leads us to the conclusion that title to the property cannot be ascertained on this record and that necessary parties to the action were omitted, we conclude that the complaint was properly dismissed, but should have been dismissed without prejudice.

A title search of the property conducted in 1985 by Lynn E. Green, Jr., the attorney for the Cooperstown Central School District, suggested to Green that the school was built over a century and a half ago on land then owned by John Webb and Elizabeth Webb, predecessors in interest to plaintiff. When the Webbs conveyed their land, Green found that they excepted the property in dispute here, creating the exception that now appears in plaintiff's deed. No deed was found conveying the property to defendant's alleged predecessors in interest, School

District No. 10* or to anyone else. If this information is correct, the Webbs' heirs have a potential claim to the property and should have been made parties to this action (*see* CPLR 1001 [a]; *Hitchcock v Boyack*, 256 AD2d 842, 844 [1998]; *see also Matter of J-T Assoc. v Hudson Riv.—Black Riv. Regulating Dist.*, 175 AD2d 438, 440 [1991], *lv denied* 79 NY2d 753 [1992]).

Notably, the findings of fact submitted by defendant and adopted by Supreme Court suggest that the property may not have belonged to the Webbs. Supreme Court refers to an 1828 deed from Riall Briggs to Samuel Remington and an 1836 deed from Samuel Remington and Content Remington to John Webb, which were not included in the record on appeal. Contrary to Green's conclusion that the Webbs owned the schoolhouse lot, Supreme Court's findings, based on the metes and bounds description found in the 1828 and 1836 deeds, imply that the property therein described "goes around" the schoolhouse lot. Thus, the heirs of a predecessor in interest even earlier than the Webbs may lay claim to the property and would be necessary parties to an action to quiet title.

It is clear, though, that when the property plaintiff now owns was conveyed to John Myers in 1879 from Huldah Manzer and Ephriam Manzer, predecessors in interest to plaintiff, the exception as it exists today appeared in that deed. Accordingly,

---

* During the second half of the nineteenth and into the twentieth century, School District No. 10 apparently was in possession of the schoolhouse. In 1958, School District No. 10 was dissolved and eventually became part of the Cooperstown Central School District, but Green testified that the consolidation would not automatically pass title to property owned by the former School District No. 10. Based on this information, and in the absence of any proof to the contrary, Green opined that the school district did not own the property and need not continue to insure it. Nevertheless, in October 1985, the Cooperstown Central School District resolved to pass any interest it may have had in the schoolhouse by quitclaim bill of sale to the Town of Hartwick. In December 1985, the Town of Hartwick, the South Hartwick Community Club and a predecessor in interest to plaintiff, Glenn Myers, executed an agreement which provided that the Town would accept the schoolhouse building, the South Hartwick Community Club would pay for maintenance and other bills, and Glenn Myers would permit the building to continue on the site, suggesting that the parties to the agreement at that time believed that Glenn Myers owned the land, but not the schoolhouse building. In July 2003, the Town passed a resolution granting its interest in the schoolhouse to defendant. Glenn Myers died in 1993 and his son, Robert Myers, sold the property to plaintiff in 1995. At the time of purchase, plaintiff was informed that the schoolhouse building on the property belonged to the Town. Thereafter, plaintiff executed two leases with the Town, both of which provided that plaintiff owned the property, the Town owned the building, and plaintiff would rent the schoolhouse for a year. Eventually, plaintiff came to believe that the Town did not own the schoolhouse and thereafter he refused to continue the lease arrangement and commenced this action.

Supreme Court did not err in holding that Robert Myers, John Myers' successor in interest and plaintiff's grantor, is not a necessary party to this proceeding. Further review of the pertinent deeds and other indicia of ownership not included in the record before us will be necessary to determine who the necessary parties are in any new action.

Peters, J.P., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by adding that the dismissal of the complaint is without prejudice.