*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 14, 2015                    519949
_____

FLORENCE J. BOICE,
    Individually and as
    Executor of the ESTATE OF
    EMMA H. BOICE, Deceased
                    Appellant,
        v                                MEMORANDUM AND ORDER

ANGELICA HIRSCHBIHL et al.,
                    Respondents.
_____

Calendar Date:   March 27, 2015

Before:   Garry, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Dennis B. Schlenker, Albany, and Law Office of John D.
Hoggan, PLLC, Albany (John D. Hoggan Jr. of counsel), for
appellant.

        Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Justin
W. Gray of counsel), for respondents.

_____

Clark, J.

        Appeal from an order of the Supreme Court (McGrath, J.),
entered January 9, 2014 in Columbia County, which, among other
things, partially granted defendants' motion for summary judgment
dismissing the complaint.

        Plaintiff and defendants own adjoining parcels of land in
the Town of Germantown, Columbia County and share possession of a
15-foot-wide right-of-way over property owned by members of the
McLean family (hereinafter the McLean property), which allows the
parties ingress and egress to their respective premises.  At the

time that defendants acquired their property, plaintiff's mother, Emma H. Boice (hereinafter decedent), resided at the adjoining property.  In 2002, defendants – purportedly with decedent's permission and cooperation – installed an antique gate on the McLean property within the area of the right-of-way and, the following year, constructed a small balustrade next to the gate. Following decedent's death in October 2008, plaintiff inherited the property and began to reside there.

Plaintiff commenced this action in November 2009 sounding in, among other things,[1] wrongful interference, nuisance and trespass, seeking punitive damages and a declaratory judgment compelling the removal of various obstructions that she alleges defendants created within the area of the right-of-way, including shrubbery and split rail fences, a stone retaining wall and the aforementioned balustrade and gate, which plaintiff claimed was often chained and locked.  Defendants moved for summary judgment dismissing plaintiff's complaint arguing, among other things, that there had been no unreasonable interference with plaintiff's use of the right-of-way.  Supreme Court partially granted defendants' motion, finding that issues of fact existed as to whether defendants had chained and/or locked the gate on the right-of-way, thus interfering with plaintiff's use thereof. Plaintiff appeals from so much of the court's order as dismissed her other claims.

We affirm.  It is well settled that "[t]he extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties" (Sambrook v Sierocki, 53 AD3d 817, 818 [2008] [internal quotation marks and citations omitted]; accord Raven Indus., Inc. v Irvine, 40 AD3d 1241, 1242 [2007]; Hopper v Friery, 260 AD2d 964, 966 [1999]).  Here, the easement specifically granted plaintiff and

---

[1]  In her opposition papers to defendants' motion for summary judgment, plaintiff withdrew her claims sounding in devaluation of real property interests, forcible or unlawful entry upon property, and removal, destruction and damage to trees.

defendants the right of "ingress and egress and for electric, gas, water, sewer and similar services over, under and along [the] farm road" on the McLean property.  Importantly then, "[a] right of way along a private road belonging to another person does not give the [easement holder] a right that the road shall be in no respect altered or the width decreased, for his [or her] right . . . is merely a right to pass with the convenience to which he [or she] has been accustomed" (Lewis v Young, 92 NY2d 443, 449 [1998] [internal quotation marks and citations omitted]).  In the absence of a demonstrated intent to provide otherwise, an easement of ingress and egress may be narrowed, covered, gated or fenced off, "'so long as the easement holder's right of passage is not impaired'" (Thibodeau v Martin, 119 AD3d 1015, 1016 [2014], quoting Lewis v Young, 92 NY2d at 449; accord Sambrook v Sierocki, 53 AD3d at 818).  Although plaintiff unpersuasively contends otherwise, the aforementioned standard also applies where the parties share access to a common right-of-way and one party makes alterations thereon (see e.g. Williams v McNee, 80 AD3d 1020, 1021 [2011]; see also 5-40 Warren's Weed, New York Real Property § 40.70 [4] [2014]).

Aside from the question of whether defendants had chained and/or locked the gate, which presents a separate issue more appropriately reserved for the finder of fact (see e.g. STS Steel, Inc. v Maxon Alco Holdings, LLC, 123 AD3d 1260, 1262 [2014]), the record before us supports the partial granting of defendants' motion for summary judgment.  More particularly, photographs in the record clearly demonstrate that the shrubbery and split rail fences are not within the portion of the easement used for ingress or egress.  Additionally, plaintiff herself testified that the shrubbery has never interfered with her right to ingress and egress from her property while the fence posts have merely created an "uncomfortable turn."  Likewise, a survey in the record demonstrates that the stone retaining wall is not located within the area of the right-of-way and, according to plaintiff, has not yet impaired her ingress and egress.

Although it is undisputed that both the gate and balustrade are within the area of the common right-of-way, the record is nonetheless insufficient to create an issue of fact as to the impairment of plaintiff's use thereof.  The gate, which

apparently weighs 80 pounds on each side, bisects the easement beyond each of the parties' homes, separating the gravel portion used to approach the homes from the grass-covered portion that curves and extends down an embankment behind plaintiff's residence. Plaintiff testified that she is able to open the gate and walk through it – which she does approximately once each year.[2] Additionally, large vehicles, such as vans and pick-up trucks, are able to be driven through the gate, although such task does require the driver to first exit the vehicle and open the gate if it happens to be closed. Inasmuch as plaintiff's testimony that larger vehicles – for example, a vehicle used for making pool repairs – may not be able to use the right-of-way to access the rear of her property should the need arise, we agree with Supreme Court that such speculation, without more, is insufficient to satisfy plaintiff's shifted burden. Thus, the record before us supports the finding that plaintiff's use of the common right-of-way has not been impaired by defendants' construction of the gate or balustrade (see Lewis v Young, 92 NY2d at 449-450; Williams v McNee, 80 AD3d at 1021; Sambrook v Sierocki, 53 AD3d at 818). Based on the record before us, dismissal of plaintiff's nuisance and trespass claims was also warranted (see Schillaci v Sarris, 122 AD3d 1085, 1087-1088 [2014]). Accordingly, we find no reason to reverse the order of Supreme Court.

Garry, J.P., Egan Jr. and Lynch, JJ., concur.

---

[2] To be clear, walking through the gate is only one of a variety of ways that plaintiff is able to access the rear of her property on foot.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court