*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 25, 2016             521070
_____

ELENA T. LEVENSON et al.,
                    Respondents,

        v

ESTATE OF NICK LAVIERO et al.,            MEMORANDUM AND ORDER
                    Defendants,
        and

TERESA HORNUNG RUDOLPH et al.,
                    Appellants.
_____

Calendar Date:   January 7, 2016

Before:  Peters, P.J., Garry, Rose and Lynch, JJ.

                        _____


        Young/Sommer LLC, Albany (Michael J. Moore of counsel), for
appellants.

        The Ayers Law Firm, PLLC, Palatine Bridge (Kenneth L. Ayers
of counsel), for respondents.

                        _____


Rose, J.

        Appeal from an order of the Supreme Court (Melkonian, J.),
entered January 26, 2015 in Ulster County, which, in an action
pursuant to RPAPL article 15, denied, among other things, a
motion by defendants Teresa Hornung Rudolph and Axel Rudolph to
compel joinder of certain parties.

        Plaintiffs commenced this action to quiet title to a two-
acre parcel of real property located in the Town of Shandaken,
Ulster County (hereinafter the disputed property).  Defendants
Teresa Hornung Rudolph and Axel Rudolph (hereinafter collectively

referred to as defendants) also assert title to the disputed property, but plaintiffs allege that defendants' claim is based upon a deed actually describing a separate parcel, which is located half a mile away from the disputed property. Defendants thereafter moved to join the record owners of the separate parcel as necessary parties. Supreme Court denied defendants' motion, and this appeal ensued.

We affirm. In an action to quiet title, joinder of a party is necessary only when "it appears to the court that a person not a party to the action may have an estate or interest in the real property which may in any manner be affected by the judgment" (RPAPL 1511 [2]; see CPLR 1001 [a]; Sorbello v Birchez Assoc., LLC, 61 AD3d 1225, 1226 [2009]). The function of the judgment in such an action is to resolve each party's claim to the disputed property (see RPAPL 1521 [1]; Glenn Acres Tree Farm, Inc. v Town of Hartwick Historical Socy., Inc., 84 AD3d 1529, 1530 [2011]; Keller v Village of Castleton-on-Hudson, 173 AD2d 979, 979 [1991]). Here, plaintiffs do not make a claim to the separate parcel that they contend is actually described in defendants' deed. Rather, plaintiffs raise the point only to show an alleged weakness in defendants' claim to the disputed property. Nor do plaintiffs seek a judgment resolving the question of who owns the separate parcel. Accordingly, the judgment in this action will have no bearing upon the validity or invalidity of defendants' interest in the separate parcel. Inasmuch as the record owners of the separate parcel will not be inequitably affected by the judgment in this action, they are not necessary parties (see Ellison Hgts. Homeowners Assn., Inc. v Ellison Hgts. LLC, 112 AD3d 1302, 1305 [2013]; compare Sorbello v Birchez Assoc., LLC, 61 AD3d at 1226).

Peters, P.J., Garry and Lynch, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court