*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 8, 2016                    522591
_____

JOSEPH V. ANZALONE JR.,
                    Respondent,

        v                                     MEMORANDUM AND ORDER

DIANA COSTANTINO et al.,
                    Appellants.
_____


Calendar Date:   October 20, 2016

Before:   McCarthy, J.P., Lynch, Devine, Mulvey and Aarons, JJ.

_____


        Van DeWater & Van DeWater, LLP, Poughkeepsie (Janis M.
Gomez Anderson of counsel), for appellants.

        Handel & Carlini, LLP, Wappingers Falls (Anthony C. Carlini
Jr. of counsel), for respondent.

_____


Devine, J.

        Appeal from a judgment of the Supreme Court (Work, J.),
entered March 17, 2015 in Ulster County, upon a decision of the
court in favor of plaintiff.

        Defendant Catherine Costantino owns a life estate, and
defendants Diana Costantino, Paul Costantino and Kathleen Kouri
(hereinafter the remainderpersons) hold the remainder interest,
in real property in the Town of Lloyd, Ulster County.  Defendants
have an easement over plaintiff's adjacent parcel that entitles
them to use a driveway to access garages at the rear of their
property, but the relevant conveyance, recorded in 1988, gave a
metes and bounds description that placed the easement on another
parcel.  Plaintiff acquired his property in 2001 and was not
involved in a 2005 effort by Catherine Costantino and others to

correct the description in the 1988 conveyance.

Plaintiff made a series of changes to the driveway, culminating in the construction of a retaining wall in 2012 that allegedly made it more difficult for defendants to use it. Plaintiff then commenced this action seeking a declaration either that the right-of-way was invalid or that he had not impermissibly interfered with it, as well as injunctive relief and damages. The remainderpersons answered and counterclaimed for various relief, while Catherine Costantino, who was joined as a party defendant at a late date, entered an oral denial. Supreme Court conducted a nonjury trial, after which it was determined that the 1988 conveyance created an enforceable easement that was not unequivocally fixed in location. Supreme Court further determined that the 2005 effort to correct the 1988 conveyance was invalid, found that plaintiff had not impaired defendants' right of ingress and egress by altering the driveway and fixed the boundaries of the right-of-way along the current driveway. The remaining relief sought by the parties was denied, and defendants appeal from the ensuing judgment.

We affirm. To begin, "[i]n the absence of a claim for reformation, courts may as a matter of interpretation" transpose, reject or supply words in a contract or conveyance in order to effectuate the intent of the agreement if "some absurdity has been identified or the contract would otherwise be unenforceable either in whole or in part" (Matter of Wallace v 600 Partners Co., 86 NY2d 543, 547-548 [1995]; see Meyer v Stout, 79 AD3d 1666, 1667-1668 [2010]). Supreme Court did so here because the use of the metes and bounds description in the 1988 conveyance would have led to the absurd result of a right-of-way being granted over property that the grantor did not own, and preserved the stated intent of creating a right-of-way "for the purpose of ingress and egress" by jettisoning the defective description (see Al's Atl., Inc. v Shatma, LLC, 109 AD3d 491, 492 [2013]). Defendants did not preserve for our review their argument that Supreme Court should have gone further and supplied a new metes and bounds description to the 1988 conveyance as a matter of interpretation (see Spilman-Conklin v Conklin, 11 AD3d 798, 801 [2004]; Maricevic v Prober, 305 AD2d 834, 834-835 [2003]). In any event, Supreme Court observed that the proof does not reveal

what metes and bounds description the parties to the 1988 conveyance actually intended to use and, as a result, any "interpretation" of the conveyance in that regard would have been speculative and inappropriate.

Defendants accordingly have a right-of-way over plaintiff's property but, inasmuch as it lacks a specific metes and bounds description or other expression to the contrary, plaintiff is free to unilaterally relocate it "so long as the change does not frustrate the parties' intent or object in creating the right of way, does not increase the burden on the easement holder, and does not significantly lessen the utility of the right of way" (Lewis v Young, 92 NY2d 443, 452 [1998]; see Boice v Hirschbihl, 128 AD3d 1215, 1216-1217 [2015]; MacKinnon v Croyle, 72 AD3d 1356, 1357 [2010]). Here, plaintiff and his expert engineer both testified that the roadbed of the driveway was approximately 10 feet wide before any changes were made to it, and defendants' backyard garages could only accommodate vehicles of that width. Plaintiff's expert testified that the driveway was 12 feet wide after the retaining wall was constructed and opined that it continued to provide adequate ingress and egress to defendants' back yard, an opinion that defendants' expert declined to dispute. Indeed, small trucks and cars could and did use the modified driveway, and larger vehicles are able to access defendants' property by another route. Supreme Court credited this proof that defendants' right of access was not impaired and, according due deference to that determination, we perceive no reason to disturb the determination that plaintiff was free to alter the driveway as he did (see Thibodeau v Martin, 119 AD3d 1015, 1016 [2014]; Chekijian v Mans, 34 AD3d 1029, 1032-1033 [2006], lv denied 8 NY3d 806 [2007]; see also Boice v Hirschbihl, 128 AD3d at 1217-1218).

Defendants lastly assert that they are entitled to a prescriptive easement over plaintiff's property. To the extent that claim is properly before us, it need only be said that defendants' "use pursuant to an express easement granting an undefined right-of-way . . . 'is neither hostile nor adverse . . . [and] does not in and of itself fix an otherwise undefined location so as to enlarge the interest of the easement holder or reduce the interest of the landowner'" by prescription (Estate

Ct., LLC v Schnall, 49 AD3d 1076, 1077 [2008], quoting Lewis v Young, 92 NY2d at 452-453).

McCarthy, J.P., Lynch, Mulvey and Aarons, JJ., concur.

ORDERED that the judgment is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court