Peters, P.J.
 

 Appeal from an order of the Supreme Court (Pritzker, J.), entered September 16, 2015 in Washington County, which partially granted motions by defendants Sheila White and State of New York and made a declaration in their favor.
 

 The parties own contiguous lakefront properties in the Town of Putnam, Washington County. Defendants Sheila White and State of New York (hereinafter collectively referred to as defendants) rely upon a roadway (hereinafter Gull Bay Road Extension) over plaintiffs’ adjacent parcels as a means of ingress and egress between their properties and the nearest public road. In 2013, following issuance of a permit authorizing White to subdivide her property, plaintiffs commenced this action seeking, among other things, a declaration pursuant to RPAPL article 15 that defendants did not possess a right-of-way over Gull Bay Road Extension. Defendants answered and thereafter separately moved for summary judgment dismissing plaintiffs’ claims and declaring the validity of their easement. Supreme Court, insofar as is relevant to this appeal, partially granted the motions, declared that defendants have an express easement over Gull Bay Road Extension and fixed its location and width. Plaintiffs The Meadow at Clarke Hollow Bay, LLC and The Lucille G. Schwab Family Trust (hereinafter collectively referred to as plaintiffs) appeal.
 

 Plaintiffs solely challenge that portion of Supreme Court’s order that declared the width of the subject easement. As an initial matter, we disagree with plaintiffs’ contention that this issue was not properly before Supreme Court. Although defendants’ motion papers did not specifically seek a determination as to the width of the easement, they each contained a general prayer for such other and further relief as the court deems proper, which “enables the court to grant relief that is not too dramatically unlike that which is actually sought” (Tirado v Miller, 75 AD3d 153, 158 [2010]; see Patrick M. Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2214:5; City of Binghamton v Serafini, 8 AD3d 835, 838 [2004]; see also Kreamer v Town of Oxford, 96 AD3d 1130, 1132 [2012]; cf. Weil v Atlantic Beach Holding Corp., 1 NY2d 20, 29 [1956]). Supreme Court informed the parties that it was inclined to determine and declare the dimensions of the easement, which relief was plainly related to the main relief sought, and the parties were afforded an opportunity to submit additional evidence on that issue (see Wells Fargo Bank Minn., N.A. v Garrasi, 80 AD3d 1061, 1063 [2011]; Berle v Buckley, 57 AD3d 1276, 1277 [2008]; compare Barrett v Watkins, 52 AD3d 1000, 1002 [2008]; De Pan v First Natl. Bank of Glens Falls, 98 AD2d 885, 886 [1983]). Thus, we find no procedural bar to Supreme Court’s consideration of the issue.
 

 Nevertheless, we agree with plaintiffs that the present record is inadequate to support a determination as to the easement’s width. “The extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties” (Sambrook v Sierocki, 53 AD3d 817, 818 [2008] [internal quotation marks and citations omitted]; accord Boice v Hirschbihl, 128 AD3d 1215, 1216 [2015]). “[W]here the extent of a right-of-way is not specified, it is construed to be that which is necessary for the use for which it was created” (Town of Ulster v Massa, 144 AD2d 726, 728 [1988], lv denied 75 NY2d 707 [1990]; see Dalton v Levy, 258 NY 161, 167 [1932]; Taverni v Broderick, 111 AD3d 1197, 1199-1200 [2013]; Oliphant v McCarthy, 208 AD2d 1079, 1080 [1994]). In so construing the extent of a right-of-way, “it is to be assumed that the original parties who created the easement anticipated such uses as might reasonably be required by a normal development of the dominant tenement” (Stock v Ostrander, 233 AD2d 816, 818 [1996] [internal quotation marks, brackets and citations omitted]; see Armstrong v County of Onondaga, Onondaga County Water Dist., 31 AD2d 735, 735-736 [1968]).
 

 The conveyance at issue provides for an easement in favor of defendants over lands now owned by plaintiffs, with “such right-of-way to be over existing roads if there be any.” Gull Bay Road Extension is the only such existing roadway—which, as it presently exists, measures between 10 and 12 feet wide over the course of its nearly 3,600-foot stretch—and the parties do not dispute that the right-of-way was given for the purpose of providing ingress and egress to and from the grantees’ property. Supreme Court declared the entire easement to have a width of 14 feet, but did so on a record barren of proof as to, among other things, the historical adequacy of Gull Bay Road Extension as a reasonable and convenient means of ingress and egress and, further, any need on the part of White for a right-of-way in excess of the defined roadway. Nor is there any competent proof establishing the nature and extent of the newly-declared right-of-way’s encroachments in relation to existing improvements, vegetation and other topographical features. Particularly in actions, such as this, in which a declaration of the parties’ rights is sought (see RPAPL 1521 [1]; Levenson v Estate of Nick Laviero, 136 AD3d 1248, 1249 [2016]; Glenn Acres Tree Farm, Inc. v Town of Hartwick Historical Socy., Inc., 84 AD3d 1529, 1530 [2011]), “[a]ll of the material facts and circumstances should be fully developed before the respective rights of the parties may be adjudicated. . . . When the facts presented in the pleadings or on a pretrial motion are not sufficient to permit a declaration for either party at that stage, the [issue] must . . . proceed to trial” (Armstrong v County of Onondaga, Onondaga County Water Dist., 31 AD2d at 736 [internal quotation marks omitted]; see 5-3001 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 3001.13; Wolff v 969 Park Corp., 86 AD2d 519, 520 [1982]). Accordingly, we remit the matter for a hearing solely on the issue of the width of the subject right-of-way.
 

 Garry, Devine and Aarons, JJ., concur.
 

 Ordered that the order is modified, on the law, without costs, by reversing so much thereof as declared the width of the subject right-of-way; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.