Witecki v Saratoga Lakeside Acres Assn., Inc. (2022 NY Slip Op 00233)





Witecki v Saratoga Lakeside Acres Assn., Inc.


2022 NY Slip Op 00233


Decided on January 13, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 13, 2022

532564
[*1]Glenn J. Witecki, Appellant,
v
Saratoga Lakeside Acres Association, Inc., Respondent, et al., Defendant.

Calendar Date:November 16, 2021

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and Colangelo, JJ.

Glenn J. Witecki, Schenectady, appellant pro se.
Walsh & Walsh, LLP, Saratoga Springs (Jesse P. Schwartz of counsel), for respondent.



Colangelo, J.
Appeal from that part of an order of the Supreme Court (Buchanan, J.), entered May 1, 2020 in Saratoga County, which granted a motion by defendant Saratoga Lakeside Acres Association, Inc. to dismiss the amended complaint against it.
Defendant Saratoga Lakeside Acres Association, Inc. (hereinafter defendant) is a not-for-profit association that was formed in 1992 to protect, maintain and improve the roads and beachfront area on the western side of Saratoga Lake in an area known as Lakeside Acres in the Town of Malta, Saratoga County. To accomplish these goals, defendant acquired, among other things, a 1,600-foot parcel of lakefront property that had been subdivided in 1927 into multiple lots and then sold. The deed for this lakefront property granted rights to a "private beach reserved for use of all lot owners." Membership in defendant was voluntary, and only members were eligible to apply for dock space on defendant's lake front property.
By deed dated January 9, 2001, plaintiff and his son acquired lot 159 of the original subdivision from plaintiff's uncle, who had owned the lot since 1967. In 2016, plaintiff became the sole owner of the parcel. Plaintiff, who became a member of defendant in 2001, asked defendant, in accordance with a membership privilege, for permission to install a dock where his uncle had previously installed and maintained a dock. Defendant refused his request because all available space had already been assigned to other association members prior to plaintiff's acquisition of his lot, but defendant placed plaintiff on a waiting list for dock space. In 2000, prior to plaintiff's ownership, defendant's board had canvassed the lot owner members about their desire for a dock, and defendant granted dock privileges to all members who requested a dock at that time. Dock policies were drafted and adopted to ensure that the waterfront and docks could be utilized in a safe and orderly fashion. In 2000, defendant assigned the dock space immediately in front of plaintiff's lot to defendant Joseph Blaauboer, who installed and, at all times relevant to this appeal, maintained a dock at that location.
In September 2005, following an unsuccessful effort to create additional dock space, plaintiff presented a legal memorandum to defendant setting forth his legal and factual arguments in support of his claim that his deed granted to him an easement appurtenant entitling him to place a dock where his uncle's dock had previously been placed and that the presence of Blaauboer's dock violated his rights. Plaintiff took no other action to preserve these claims at that time. In June 2019, defendant filed a "Declaration of Covenants, Restrictions and Easements for Real Property" with the Saratoga County Clerk's office. As relevant here, this document specifically stated that "[d]ock license privileges[] are licenses, not easements or deed appurtenances, and as such may be modified, revoked or rescinded by [defendant] at any time."[*2]
In July 2019, plaintiff commenced this action seeking a declaratory judgment and injunctive relief relating to his right to place a dock in the same location where his uncle's dock once stood pursuant to the alleged easement contained in his deed. Specifically, plaintiff's amended verified complaint sought (1) to cancel an instrument of record pursuant to Real Property Law § 329, (2) a declaratory judgment that the beach rights contained in his deed "are an easement and not a license," (3) to quiet title pursuant to RPAPL article 15, and (4) injunctive relief, compelling Blaauboer to remove his dock so that plaintiff could place his dock in the same location. The amended complaint also alleged a breach of fiduciary duty cause of action. Defendant moved pre-answer to dismiss the complaint against it — which motion was deemed to include the amended complaint upon its filing — based upon documentary evidence, failure to state a cause of action and because the claims were time-barred (see CPLR 3211 [a] [1], [5], [7]). Defendant also sought an award of counsel fees pursuant to its bylaws. Supreme Court granted defendant's motion, finding all of plaintiff's claims to be time-barred, and awarded defendant counsel fees. Plaintiff appeals.[FN1]
Plaintiff argues that Supreme Court erred in dismissing the amended complaint solely on statute of limitations grounds, as he holds an express "deeded appurtenant easement" that can only be extinguished by abandonment or adverse possession, neither of which occurred here. An easement appurtenant "is created through a written conveyance, subscribed by the grantors, that burdens the servient estate for the benefit of the dominant estate" (Northwood Sch., Inc. v Fletcher, 190 AD3d 1136, 1138 [2021] [internal quotation marks and citation omitted]). "[I]t is well settled that, once created, an easement appurtenant runs with the land and passes to subsequent owners of the dominant estate through appurtenant clauses, even if not specifically mentioned in the deed" (id. at 1139 [internal quotation marks and citation omitted]). Once such easement is created, it can only be extinguished by abandonment, conveyance, condemnation or adverse possession (see id.). "The extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties" (Meadow at Clarke Hollow Bay, LLC v White, 155 AD3d 1325, 1326 [2017] [internal quotation marks and citations omitted]).
As relevant here, plaintiff's deed provided that "[i]t is also intended to convey hereby the right to use in common with the other owners of lots shown on the map of Lakeside Acres the land designated on said map 'private beach reserved for use of all lot owners.'" The written language of the deed reflects that the conveyance was expressly and solely for plaintiff's benefit to use defendant's private beach and not, as plaintiff maintains, to place a dock [*3]on defendant's shoreline. We therefore agree with Supreme Court that plaintiff's easement was created for the limited and specific purpose of providing access to defendant's private beach and nothing more (see Stone v Donlon, 156 AD3d 1308, 1310 [2017], lv dismissed 31 NY3d 1109 [2018], lv denied 33 NY3d 903 [2019]). There was, therefore, no easement appurtenant conveyed to plaintiff authorizing the installation of a dock.
"In moving to dismiss [a] complaint pursuant to CPLR 3211 (a) (5), [the] defendant [has] the initial burden to establish, prima facie, that the action was time-barred, and, to do so, [is] required to establish when [the] plaintiff's causes of action accrued" (Northeastern Indus. Park, Inc. v Hoosick Val. Contrs., Inc., 106 AD3d 1182, 1183 [2013] [citations omitted]; see Krog Corp. v Vanner Group, Inc., 158 AD3d 914, 915-916 [2018]). In dismissing plaintiff's causes of action as time-barred, Supreme Court found that plaintiff's claim — that he had an easement for the placement of a dock in the location where his uncle's dock stood — accrued, at the latest, in 2005, when he informed defendant, via a legal memorandum, of the claimed easement and defendant's and Blaauboer's alleged violation of that easement. We agree. Although plaintiff's action was ostensibly directed at the declaration that was recorded in June 2019, the action was, in actuality, a challenge to defendant's bylaws and dock policies that were amended initially in 2000. The 2000 amendments added a new Article XIV (a), "Dock Regulations," which stated, as relevant here, that "[a]ll dock placements and locations are subject to the dock review committee (waiting list established)" and "[t]he dock committee shall be the arbitrator of all disputes."
Thus, when plaintiff acquired his lot in 2001, he was on notice of the bylaws and the dock regulations. After several unsuccessful attempts to acquire a license to place a dock in the exact spot where his uncle had placed his dock, plaintiff filed a legal memorandum with defendant's board of directors in furtherance of his demand for dock space. The memorandum described, in detail, the alleged facts, arguments and legal conclusions relative to why he had an easement to place a dock on the lake, and how defendant and Blaauboer have violated the easement rights that he claimed he had acquired several years ago by his uncle's establishment of a dock easement. Thus, as early as 2005, plaintiff had crafted his claims and constructed his legal arguments, case law included, in response to defendant's enforcement of its dock policies as set forth in the bylaws; he now makes these same claims 14 years later in this action. Therefore, as Supreme Court determined, plaintiff's claims against defendant accrued at the latest in 2005, when he informed defendant of the claimed easement and Blaauboer's alleged violation of that easement.
Finally, plaintiff's cause of action to quiet title is governed by a 10-year statute of limitations[*4], the longest statute of limitations applicable to plaintiff's causes of action. As said claim accrued in 2005 and the action was commenced in 2019, it was properly dismissed. We have examined plaintiff's remaining contentions and find them to be without merit.
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Blaauboer also moved to dismiss the amended complaint against him, which motion was also granted. By his notice of appeal, plaintiff has limited his arguments to that part of the order as granted defendant's motion. Further, plaintiff has abandoned his breach of fiduciary duty cause of action on appeal.